608 A.2d 1035

COCO BROTHERS, INC., Appellant,

v.

The **BOARD OF PUBLIC EDUCATION OF the SCHOOL DISTRICT OF PITTSBURGH, Appellee.**

Supreme Court of Pennsylvania.

Argued March 10, 1992.

Decided May 21, 1992.

James R. Cooney, Nernberg & Laffey, Pittsburgh, for appellant.

Marvin A. Fein, Houston Harbaugh, P.C., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

This appeal comes to us pursuant to a grant of allocatur. The underlying action was instituted in September, 1987, by appellant Coco Brothers, Inc. (Coco) as a petition to enforce a judgment against a school district pursuant to 24 P.S. § 6–611.[1] In response, appellee, the Board of Public Edu-

---

1. § 6–611. Enforcement of judgments against school districts

    If any judgment is obtained against any school district and the same is not paid as required, the same may be collected as follows and not otherwise:—

    The plaintiff in any such judgment shall petition the court of common pleas in which such judgment was obtained, or in which any transcript of a judgment obtained against any school district before any magistrate, alderman, or justice of the peace, is filed, whereupon the court shall issue a writ in the nature of a mandamus execution, directed to the directors and treasurers of the school district against which such judgment was obtained, commanding them to pay the amount of such judgment, together with interest and costs, out of any unappropriated funds of such school district, and in case there are no unappropriated funds of such school district, then out the first funds that shall be received by said school

cation of the School District of Pittsburgh (the Board), in its Answer and New Matter, asserted a statutory right of set-off under 53 P.S. § 7232–35.[2] The trial judge (then Judge, now Justice Cappy) based on the pleadings[3] and argument of counsel, ruled in favor of the Board, denied Coco's petition, and ordered Coco's judgment marked satisfied.

Coco, without filing post-trial motions, appealed to the Superior Court; that Court transferred the case to the Commonwealth Court. The Commonwealth Court, in a Memorandum Opinion issued on December 6, 1989, 130 Pa.Cmwlth. 663, 568 A.2d 309, quashed the appeal because Coco failed to file post-trial motions, which the court believed were required under Pa.R.C.P. 227.1(c) (the Rule).[4] Coco then sought allowance of appeal which we granted.

■■■ This case has reached us on narrow procedural grounds, i.e., whether post-trial motions were required to perfect the appeal. As stated above, the initial action in this case was the filing by Coco of a petition pursuant to 24

district. The court may enforce obedience to such writ by attachment on proper cause being shown. 1949, March 10, P.L. 10, art. VI, § 611.
See 24 P.S. § 6–611.

2. The General Municipal Law requires every political subdivision, prior to paying any claim, to inquire whether the subdivision has any claim against the creditor. If the subdivision discovers a claim and the creditor is unwilling to enter into an agreement to offset the claims, the subdivision may petition the court of common pleas to issue a decree offsetting the respective debts. See 53 P.S. § 7232–7235.

3. The parties have described their various filings as "pleadings." However, petitions and answers thereto are not technically pleadings under our Rules. See Pa.R.C.P. 1017(a).

4. The rule reads, in relevant part, as follows:
Rule 227.1    Post-trial Relief....
(c) Post-trial motions shall be filed within ten days after
(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.
If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.
See Pa.R.C.P. No. 227.1.

P.S. § 6–611. In response, the Board filed a petition to mark the judgment satisfied under 53 P.S. § 7232–7235. No testimony was taken by the trial court.

In 1990, shortly after the Commonwealth Court's decision in this case we added the following clarifying Note to the Rule:

### Note

A motion for post-trial relief may be filed following a trial by jury, a trial by a judge without a jury in an action at law pursuant to Rule 1038 or a trial by a judge without a jury in an action in equity. *A motion for post-trial relief may not be filed* to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery *or other proceedings which do not constitute a trial.* See *U.S. National Bank in Johnstown v. Johnson,* 506 Pa. 662, 487 A.2d 809 (1985).

A motion for post-trial relief may not be filed in a case stated.

*A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.*

The filing of a motion for post-trial relief is prohibited by the following rules: Rule 1557 (order directing participation), Rules 1910.11(k) and 1910.12(g) (orders of support), Rule 1915.10(b) (order of custody, partial custody or visitation), and Rule 1920.55(c) (final decree of divorce based upon a master's report).

*See* Note to Pa.R.C.P. No. 227.1(c). Significantly, we did not alter the language of the rule itself.

Although the procedures prescribed under the aforesaid statutes are somewhat unusual, they are clearly within the type of procedures described in our Note to Rule 227.1(c). Accordingly, in this action post-trial motions were not required, or even permissible. Therefore, the decision of the Commonwealth Court to quash Coco's appeal for failing to file post-trial motions was in error.

Accordingly, the order of the Commonwealth Court quashing this appeal is reversed and the matter is remanded to that court for a decision on the merits.

CAPPY, J., did not participate in the consideration or decision of this case.