IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Chaney,                          :
                          Appellant     :
                                        :
          v.                            :     No. 2736 C.D. 2015
                                        :     Argued: October 17, 2016
Fairmount Park Real Estate              :
Corporation and HCFD Real Estate        :
Corporation (Amended by Stipulation     :
and Order to "HCFD Auctioneering        :
Corporation") and Terry Crockett        :
(Dismissed by Agreement) and            :
Commonwealth of Pennsylvania            :
State Real Estate Commission, as        :
Administrator of the Real Estate        :
Recovery Fund                           :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                    FILED: December 1, 2016


          Edward Chaney (Chaney) appeals from the October 2015 order of the

Court of Common Pleas of Philadelphia County (trial court) denying Chaney's

Petition for Order Directing Payment from the Real Estate Recovery Fund (Fund)[1]

(Petition), and the trial court's December 2015 order denying Chaney's motion for

---

[1] The Real Estate Recovery Fund (Fund), established by the Act of February 19, 1980, P.L. 15, as amended, 63 P.S. §§455.101-455.902, provides recovery for any aggrieved person who is the victim of fraud, misrepresentation or deceit in a real estate transaction involving an individual licensed as a real estate broker in Pennsylvania. Like other such funds in Pennsylvania protecting the public from professional fraud or misconduct, it is funded by the licensing renewal fees paid by each licensee. D.J. Malatesta Assocs., Inc. v. Century 21 Reuter, Inc., 739 A.2d 1076 (Pa. Cmwlth. 1999).

post-trial relief. Concluding that Chaney's appeal from the trial court's October 2015 order denying the Petition is untimely, and Chaney's improperly filed post-trial motion did not stay the appeal period, we quash Chaney's appeal.

## I. Background

Terry Crockett (Crockett) owned the property located at 6742 Old York Road in Philadelphia (property), which was improved with a three-story building containing a store on the first floor and apartments on the upper floors. See Reproduced Record (R.R.) at 56a, 72a, 566a.

In June 2006, Crockett entered into a listing agreement (listing agreement) with Fairmount Park Real Estate Corporation (Fairmount) to sell the property as is through either a traditional real estate process or by auction conducted by HCFD Auctioneering Corporation (HCFD). See R.R. at 32a-44a. Joel Harden (Harden) owns Fairmount and HCFD.[2]

Fairmount listed the property for "[Fairmount]/Pre-Sheriff Sale Auction" on July 1, 2006. R.R. 53a, 73a. Chaney obtained the listing and the auction terms and conditions a few days before the auction. See Stipulations of Chaney and the Commonwealth of Pennsylvania State Real Estate Commission (Commission) at ¶10, R.R. at 519a; see also R.R. at 471a-75a (Stipulations).

---

[2] Joel Harden is Fairmount's President, chairman and chief executive officer (CEO). See Reproduced Record (R.R.) at 14a, 53a, 525a-29a. He also held Real Estate Broker License No. RM419623 from October 22, 2004 until May 31, 2012. See R.R. at 518a, 524a.

In addition, Harden is HCFD's President and CEO. See R.R. at 518a, 535a-39a. Harden is also HCFD's record auctioneer, holding Auctioneer License No. AU005302 from January 11, 2006 through February 28, 2015. See R.R. at 518a, 523a.

Fairmount's auction listing brochure represented that 100% financing was available, and Diversified Mortgage Services Corporation (Diversified)[3] could offer mortgage "[p]rograms for every credit situation." R.R. at 58a.

Robert Kist (Kist) conducted the July 1, 2006 auction, at the commencement of which he read the sale's terms and conditions to the audience. Stipulations at ¶ 11, R.R. at 519a. Chaney purchased the property that day for $172,000, and, after reviewing the property's conditions of sale (conditions) with Harden, he signed the conditions and made a $1,000 down payment. See Stipulations at ¶12, R.R. at 519a; R.R. at 51a, 483a-84a, 486a-90a, 493a. Pursuant to the conditions, Chaney agreed to pay 10% of the sale price or $5,000 within five calendar days, and then pay the balance due by August 1, 2006. See R.R. at 45a-51a. The conditions specified that deposits were non-refundable upon default. See R.R. at 48a, 498a-99a.

After the auction, Chaney informed Harden he needed a mortgage, and Harden applied to Diversified for a mortgage for Chaney. See R.R. at 491a-93a. Chaney worked with Harden and another individual to obtain a mortgage with Diversified. R.R. at 490a, 494a. While his mortgage application was pending, on September 5, 2006, Chaney paid $17,000 to HCFD in accordance with

---

[3] Diversified held First Mortgage Broker License No. 4104 and Second Mortgage Broker License No. 1582, valid from February 2, 1999 to July 1, 2008. See R.R. at 557a. Harden is Diversified's owner, President and CEO. See Br. of Commonwealth of Pennsylvania State Real Estate Commission as Administrator of the Real Estate Recovery Fund at 5; see also R.R. at 58a, 550a-57a.

3

the conditions. See Stipulations at ¶14, R.R. at 519a; see also R.R. at 74a, 488a-89a, 496a, 498a, 500a-01a.

Sometime later in September 2006, Chaney was notified that he would not receive a Diversified mortgage, and he was unsuccessful in obtaining a mortgage for the property on his own. See Stipulations at ¶15, R.R. at 519a; see also R.R. at 491a, 494a-96a, 498a. As a result, Chaney's purchase of the property was cancelled and his $18,000 was forfeited. See Stipulations at ¶¶15-16, R.R. at 519a; see also R.R. at 502a.

In 2008, Chaney filed an amended complaint against Crockett, Fairmount and HCFD (collectively, defendants) seeking: rescission of the conditions and a refund of his $18,000 deposit plus interest and costs based on the defendants' acts and omissions (Count I); judgment against Fairmount and HCFD for three times Chaney's actual damages plus interest, costs and counsel fees for violating the Unfair Trade Practices and Consumer Protection Law (UTPCPL)[4] (Count II); judgment against Fairmount and HCFD for $18,000, plus interest, costs and counsel fees for violating the Real Estate Licensing and Registration Act[5] (Act) (Count III); and judgment against the defendants for $18,000, plus punitive damages, interest and costs, based on the defendants' fraud (Count IV). The defendants filed answers with new matter.

---

[4] Act of December 17, 1968, P.L. 1224, as amended, 73 P.S. §§201-1-201-9.3.

[5] Act of February 19, 1980, P.L. 15, as amended, 63 P.S. §§455.101-455.902.

The trial court held a hearing in November 2009, at which Chaney and Harden testified. The trial court subsequently ordered Fairmount and HCFD, jointly and severally, to pay Chaney $64,382.71. Judgment was entered against Fairmount and HCFD on March 9, 2010.[6] Because Fairmount and HCFD did not pay the judgment, Chaney attempted to execute on it, but he was unsuccessful.[7]

In February 2011, Chaney filed with the trial court his Petition for the Fund to satisfy the judgment on behalf of Fairmount and HCFD pursuant to Section 803 of the Act.[8]

---

[6] Fairmount and HCFD appealed to the Superior Court, which dismissed their appeal.

[7] Chaney also made a claim to Merchant's Bonding Company for payment of Harden's $5,000 auction bond, which paid Chaney $5,000 from Harden's auction bond.

[8] Section 803 states, as pertinent:

> (a) When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person licensed under this [A]ct, upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license or registration certificate is required under this [A]ct … the aggrieved person may, upon termination of all proceedings, including reviews and appeals, file an application in the court in which the judgment was entered for an order directing payment out of the [Fund] of the amount unpaid upon the judgment.
>
> (b) The aggrieved person shall be required to show:
>
> (1) That he is not a spouse of the debtor, or the personal representative of said spouse.
>
> (2) That he has obtained a final judgment as set out in this section.
>
> (3) That all reasonable personal acts, rights of discovery and such other remedies at law and in equity as exist have been exhausted in the collection thereof.

**(Footnote continued on next page…)**

The Commission filed an answer and new matter opposing Chaney's Petition. It averred that Chaney did not establish that the Act regulated the underlying transaction, or that he was entitled to the requested damages. The trial court denied the Petition based solely on the Petition and the answer and new matter.

Chaney filed a motion for reconsideration; however, the trial court did not act on the motion prior to the expiration of the appeal period. Chaney also appealed to the Superior Court, which transferred the matter to this Court. The trial court issued an opinion pursuant to Pa. R.A.P. 1925(a) in which it stated it properly denied the Petition because it only contained bald allegations of compliance without attached proof that Chaney met all of Section 803's prerequisites.

In June 2012, this Court vacated the trial court's order and remanded because the trial court erred in denying the Petition without affording Chaney an opportunity to develop a record. Chaney v. Fairmount Park Real Estate Corp. (Pa. Cmwlth., No. 2388 C.D. 2011, filed June 25, 2012), 2012 WL 8704658 (Chaney I) (unreported). This Court directed the trial court to issue a rule to show cause and

---

**(continued…)**

(4) That he is making said application no more than one year after the termination of the proceedings, including reviews and appeals in connection with the judgment.

63 P.S. §455.803(a), (b).

"proceed as outlined in Pa. R.C.P. No. 206.7(c)." Chaney I, slip op. at 16, 2012 WL 8704658 at *7. Rule 206.7(c) provides:

> If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on [the] petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

Id.

In February 2015,[9] the trial court issued a rule to show cause, which was returnable on March 3, 2015. In April 2015, Chaney and the Commission executed the Stipulations and agreed to a joint list of exhibits. Before the trial court, the primary issue was whether the Act regulated the real estate transaction underlying the Petition and, if so, what damages Chaney would be entitled to recover.

In April 2015, Chaney and the Commission presented Chaney's and Harden's 2009 hearing testimony, Chaney's and Crockett's 2012 deposition

---

[9] Obviously, a lengthy period elapsed between this Court's June 2012 opinion and the trial court's issuance of the rule to show cause. Our review of the trial court's docket sheet reveals an arbitration occurred in 2013. R.R. at 646a. Additionally, discovery was conducted. In particular, Crockett's and Chaney's depositions were taken in August 2012. R.R. at 402a-459a, 460a-504a. Requests for admissions were subsequently propounded and answered. R.R. at 505a-513a. And, in December 2014, Chaney filed a summary judgment motion, which the Commission opposed. In February 2015, the trial court denied summary judgment because factual disputes existed.

testimony, the parties' admissions, the Stipulations and the joint exhibits to the trial court. Thereafter, Chaney and the Commission filed briefs and proposed findings of fact and conclusions of law. In October 2015, the trial court again denied Chaney's request for recovery from the Fund.

Instead of appealing the October 2015 order, Chaney filed a post-trial motion, through which he asked the trial court to "[a]mend the [o]rder of October 22, 2015," based on 97 purported errors the trial court made in reaching its decision. Certified Record (C.R.), Item No. 77 at 1-30. The Commission filed an answer in opposition to the motion.

The trial court did not issue an order setting a briefing schedule or scheduling oral argument on Chaney's post-trial motion. Additionally, no briefs in support of or opposition to Chaney's post-trial motion were filed.

The trial court did not rule on the merits of Chaney's post-trial motion. Instead, in December 2015, the trial court issued an order dismissing Chaney's post-trial motion. In late-December 2015, Chaney appealed both the October and December 2015 orders to this Court.

The trial court subsequently ordered Chaney to file a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925(b), which he did. The trial court issued an opinion pursuant to Pa. R.A.P. 1925(a), in which it concluded that Chaney's appeal was untimely, explaining (with emphasis added):

[Chaney's] appeal is untimely and thus, he has waived his issues on appeal.

A notice of appeal should be filed within thirty (30) days after the entry of the order from which the appeal is taken. [Pa. R.A.P.] 903. [Chaney's] notice of appeal purports to appeal from this court's orders of October 22, 2015, denying his [Petition], and December 4, 2015, denying his Motion for Post Trial Relief. The notes to [Pa. R.C.P. No.] 227.1(c) state that a motion for post-trial relief 'may be filed following trial by jury, a trial by a judge without a jury in an action at law pursuant to Rule 1038 or a trial by a judge without a jury in an action in equity.' *See* [Pa. R.C.P. No.] 227.1. In the instant case, [Chaney] did not have a trial as a result of a civil action and this was not an action in equity; the instant case was a Petition for Payment from the [Fund], and this [c]ourt did not permit exceptions or post[-]trial relief. *See Appeal of Borough of Churchill* [575 A.2d 550, 555 (Pa. 1990)].

[Chaney's] 'post-trial motion' effectively requested reconsideration of this court's order of October 22, 2015. Such an order is not appealable. *See Commonwealth v. Rachau*, 670 A.2d 731 (Pa. Cmwlth. 1996) (trial court order denying motion for reconsideration dismissed as unreviewable); *Thorn v. Newman*, [538 A.2d 105 (Pa. Cmwlth. 1988)] (order denying reconsideration is not reviewable on appeal). Further, such a post-trial motion was inappropriate. Where there is no provision in the Rules of Civil Procedure for the filing of post-trial motions it is improper to do so, and the filing of such a motion does not extend the time in which to file an appeal; if the order is an appealable order, there is no need to file post-trial motions and an appeal cannot lie from [the] denial of said motions. *See City of Philadelphia v. Frempong*, 865 A.2d 314, 317-18 [(Pa. Cmwlth. 2005)].

9

Tr. Ct., Slip Op., 3/4/16, at 5. This matter is now before us for disposition.[10]

## II. Discussion

With regard to the timing of his appeal,[11] Chaney argues that, because the trial court's April 2015 proceeding was a non-jury trial, Pa. R.C.P. No. 227.1 required that he file a post-trial motion in response to the trial court's October 2015 order and await its disposition before appealing to this Court. Specifically, he asserts that because "this case is governed by the Pennsylvania Rules of Civil Procedure, a hearing was held from which post-trial motions were appropriate and required." Appellant's Br. at 12 (emphasis in original).

The Commission, which serves as the Fund's administrator, counters that Chaney's appeal was untimely because his Petition was governed by the rules of petition practice, Pa. R.C.P. Nos. 206.1-206.7, which do not provide for post-trial relief. Therefore, the Commission maintains, the trial court's October 22, 2015 order denying the Petition was a final order from which Chaney did not appeal within 30 days, as required by Pa. R.A.P. 903. Because Chaney's appeal was untimely, the Commission argues, it must be quashed.

Pennsylvania Rule of Civil Procedure 227.1(c) ("**Post-Trial Relief**") states:

---

[10] Our review is limited to determining whether the trial court abused its discretion or committed an error of law, or whether the trial court's findings of facts were supported by substantial evidence. Smith v. I.W. Levin and Co., Inc., 800 A.2d 374 (Pa. Cmwlth. 2002).

[11] In March 2016, this Court ordered the parties to "address in their principal briefs on the merits the timeliness of [Chaney's] notice of appeal." Cmwlth. Ct. Order, 3/22/16.

> (c) Post-trial motions shall be filed within ten days after
>
> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
>
> (2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

Pa. R.C.P. No. 227.1(c) (emphasis added). "'The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review.'" M.C. & E.K. Lees, Inc. v. Capenos, 119 A.3d 1092, 1098 (Pa. Cmwlth. 2015) (quoting Chalkey v. Roush, 805 A.2d 491, 494 (Pa. 2002)).

Further, "where a trial has taken place and timely post-trial motions have been filed pursuant to Rule 227.1, the appeal period does not begin to run until the trial court has issued a decision on the post-trial motions." Oak Tree Condo. Ass'n v. Greene, 133 A.3d 113, 116 (Pa. Cmwlth. 2016). Otherwise, Pa. R.A.P. 903(a) requires that a "notice of appeal … be filed within 30 days after the entry of the order from which the appeal is taken." Id. This "[C]ourt may not enlarge the time for filing a notice of appeal[.]" Pa. R.A.P. 105(b).

Our decision on the timeliness of Chaney's appeal centers on whether Chaney was required to file post-trial motions after the trial court issued its October 22, 2015 order denying the Petition. If post-trial motions were required, because Chaney filed his post-trial motion within 10 days of the trial court's October 2015 order, and he appealed to this Court within 30 days of the trial court's order disposing of his post-trial motion, his December 30, 2015 appeal is timely. If, however, post-trial motions were not required, Chaney's failure to

11

appeal from the trial court's October 22, 2015 order within 30 days renders his appeal untimely and "divests [this Court] of its jurisdiction to hear [it]." Commonwealth v. Williams, 106 A.3d 583, 587 (Pa. 2014).

To that end, the *Note* to Pa. R.C.P. No. 227.1(c) states, as relevant:

A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial. *See U.S. National Bank in Johnstown v. Johnson*, 487 A.2d 809 (Pa. 1985).

A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.

Pa. R.C.P. No. 227.1(c), *Note* (emphasis added).[12]

In Coco Brothers, Inc. v. Board of Public Education of School District of Pittsburgh, 608 A.2d 1035 (Pa. 1992), judgment creditor Coco Brothers, Inc. (Coco) filed an action to enforce a judgment obtained against a school board pursuant to Section 611 of the Public School Code of 1949.[13] Section 611 states

---

[12] "[A]lthough the notes and explanatory comments which are issued with the rules of civil procedure do not constitute rules themselves, they do, however, indicate the spirit and motivation behind the drafting of the rules and, therefore, they serve as guidelines for understanding the purpose(s) of those rules. *See* Pa. R.C.P. [No.] 129(e) **Construction of Rules**." Katz v. St. Mary Hosp., 816 A.2d 1125, 1128 n.1 (Pa. Super. 2003) (citing Laudenberger v. Port Auth. of Allegheny Cnty., 436 A.2d 147 (Pa. 1981)).

[13] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §6-611.

that a judgment plaintiff "shall petition the court of common pleas in which such judgment was obtained," for a writ directing payment from the school district's unappropriated funds. 24 P.S. §6-611. The common pleas court denied Coco's request based solely on the petition and the school district's answer and new matter. Coco appealed. This Court quashed the appeal because Coco did not file post-trial motions pursuant to Pa. R.C.P. No. 227.1(c), which this Court held were required under that Rule. On further appeal, the Supreme Court reversed and remanded to the common pleas court for a decision on the merits, concluding post-trial motions were not required to perfect the appeal. The Supreme Court stated, because the statutory procedure was governed by rules of petition practice and did not constitute a trial, "post-trial motions were not required, or even permissible." Coco Bros., 608 A.2d at 1037 (emphasis added); see also Porreco v. Maleno Developers, Inc., 761 A.2d 629 (Pa. Cmwlth. 2000) (post-trial motions not required or even permissible following trial court's order disposing of landowner's petition to enforce settlement, even after lengthy evidentiary hearing, as such disposition was governed by rules of petition practice).

Akin to Coco Brothers, this appeal arises from Chaney's filing of the Petition in accordance with Section 803(a) of the Act seeking to recover from the Fund what Fairmount and HCFD owed him and he was unable to collect. Like Coco Brothers, Fund recovery involves an application for recovery from a statutory compensation source, which will be granted if the specified prerequisites are met. Because as in Coco Brothers the statutory procedure for Fund recovery is

13

governed by the rules of petition practice, <u>Chaney I</u>, post-trial motions were neither required nor even permissible here.[14]

In remanding for the trial court to allow Chaney to develop a record in <u>Chaney I</u>, this Court determined, because Chaney sought relief through his application to the Fund under the Act, his petition was a "statutory petition" under Philadelphia Civil Rule 206.1(a)(1)(viii). Thus, its disposition was "governed by the procedures set forth in Pa. R.C.P. Nos. 206.1-206.7." <u>Chaney I</u>, slip op. at 6, 2012 WL 8704658 at *3. Thus, the law of the case doctrine[15] also supports our determination that the trial court's disposition of the Petition did not entail a civil bench trial, but rather was "governed exclusively by the rules of petition practice." Pa. R.C.P. No. 227.1(c), *Note*.[16]

---

[14] In further support of his claim that post-trial motions were appropriate here, Chaney points out that he filed his Petition seeking Fund recovery on the same docket as the underlying civil suit against Crockett, Fairmount and HCFD. He asserts that, because his Petition was "part and parcel of" that civil action, post-trial motions were appropriate. Appellant's Br. at 9. We reject this assertion.

While Chaney filed his Petition on the same docket as the underlying civil suit, the two matters are clearly distinct in nature: the first involved a civil suit against three defendants, and the second, directly at issue here, involved a petition under the Act seeking recovery from a statutory compensation source, a matter governed by the rules relating to petition practice, and in which the three defendants in the civil suit did not participate as parties.

[15]     The law of the case doctrine sets forth various rules that embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.

<u>Ario v. Reliance Ins. Co.</u>, 980 A.2d 588, 597 (Pa. 2009).

[16] This determination is also consistent with the procedure followed in other cases in which Fund recovery was sought. Thus, in <u>D.J. Malatesta Associates</u>, after obtaining a judgment based on a civil suit in common pleas court, the claimants filed a motion seeking recovery from the Fund. After the common pleas court disposed of the claims against the Fund, an appeal was **(Footnote continued on next page…)**

14

Nevertheless, as we recognized in In re PP&L, Inc., 838 A.2d 1 (Pa. Cmwlth. 2003), this Court continues to permit post-trial practice in those cases where the trial court finds it helpful. As we stated in PP&L, the evolution of this position was fully discussed in Upset Price Tax Sale for Springfield Township, 700 A.2d 607, 610 (Pa. Cmwlth. 1997) in which this Court concluded (with emphasis added):

> In each case where a trial court ruled upon the merits of post-trial motions and this Court quashed the appeal, the Supreme Court reversed and remanded. Accordingly, the Court expressly concludes from a close reading of Appeal of Borough of Churchill, [575 A.2d 550 (Pa. 1990)],[17] Shapiro [v. Center Twp., Butler

---

**(continued…)**

taken to this Court. There is no indication that post-trial practice was pursued prior to the filing of the appeal.

Further, in Smith, after obtaining a judgment based on a civil suit in common pleas court, a claimant filed a petition seeking Fund recovery. The common pleas court granted the petition, and the Commission appealed to this Court. There is no indication the Commission filed post-trial motions before taking the appeal.

In addition, in Murphy v. Today's Properties, Ltd., 673 A.2d 6 (Pa. Cmwlth. 1996), after obtaining a judgment in a civil suit in common pleas court, the claimants petitioned for recovery from the Fund. Hearings were held, after which the common pleas court ordered the Fund to reimburse the claimants. The Commission appealed. Prior to filing its appeal, the Commission filed a motion for post-trial relief and sought reconsideration. The common pleas court denied the Commission's motion, and the Commission filed a timely appeal to this Court *from the trial court's initial order granting the petition seeking Fund recovery*. Ultimately, this Court affirmed the trial court's order granting the claimants' petition.

Here, unlike in Murphy, and as explained throughout this opinion, Chaney did not timely appeal the trial court's October 2015 order denying his Petition.

[17] In Appeal of Borough of Churchill, 575 A.2d 550 (Pa. 1990), exceptions were filed to a common pleas court's order in an assessment appeal. Ultimately, the common pleas court disposed of the exceptions, and a further appeal was taken to this Court. In the absence of statutory authority or statewide procedural rule, this Court quashed the appeal taken from the order disposing of exceptions. The Supreme Court reversed, holding that even in the absence of rules governing statutory appeals, when the trial court accepts post-trial motions it may complete
**(Footnote continued on next page…)**

15

County, 632 A.2d 994 (Pa. Cmwlth. 1993)], and In re Appeal of Sheetz, Inc.[,657 A.2d 1011 (Pa. Cmwlth. 1995)] that, absent some local rule prohibiting the filing of post-trial motions in a particular type of proceeding, where a trial court has ruled upon the merits of post-trial motions, that ruling is the order from which an appeal may be taken. …

In PP&L, we gleaned several lessons from the Borough of Churchill-Springfield Township line of cases. In particular, all of the cases addressed appeals taken from the orders disposing of post-trial motions. In all cases, post-trial practice was permitted *where the trial court found it helpful*. Also, our Supreme Court expressed a pronounced preference for disposition of statutory appeals on the merits. Ultimately, we concluded,

where the trial court accepts and prepares to resolve post-trial motions, the ruling resolving post-trial motions is an order from which an appeal may be taken. Further, where the trial court accepts post-trial motions and schedules written argument on them, the initial order entered after trial is not the appealable order.

Id. at 5-6 (emphasis added).

Here, after the trial court entered its October 22, 2015 order denying the Petition, Chaney filed a post-trial motion. The Commission filed an answer in opposition. However, the trial court did not schedule written or oral argument on

---

**(continued…)**

the process. The Supreme Court remanded to this Court for consideration of the appeals on the merits.

16

the post-trial motions. And, our review of the docket reveals no indication that briefs were, in fact, filed. Additionally, the trial court did not rule on the merits of Chaney's post-trial motion. Rather, it entered an order, which stated, "the Plaintiff/Petitioner's Motion for Post-Trial Relief is hereby DISMISSED." C.R., Item No. 79. Thus, the trial court did not invite the filing of post-trial motions or rule upon the merits of the post-trial motions so as to excuse Chaney from timely appealing the trial court's October 22, 2015 order denying the Petition.

Consequently, like the appellant in Frempong,

[Chaney's] 'post-trial motion' was improper, and did not stay the appeal period. Johnson v. Johnson, 515 A.2d 960 (Pa. Super. 1986) (where there is no provision in the rules of civil procedure for filing post-trial motions it was improper to do so, and filing such motions did not extend time in which to appeal); 1 Pennsylvania Appellate Practice, 2d Ed. (G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers, Kristen W. Brown) § 302:28 at 3-51 (2002) (improper filing of post-trial motion to immediately appealable order treated as motion for reconsideration which does not stay appeal period). In addition, [Chaney's] subsequent appeal of the order denying his improperly filed post-trial motion was not appropriate. See Ostrowski v. Pethick, 590 A.2d 1290 (Pa. Super. 1991) (since trial court's refusal to strike judgment is appealable order, there is no need to file post-trial motions and appeal cannot lie from denial of such motions).

Moreover, if, as the trial court stated, [Chaney's] 'post-trial motion sought reconsideration of the trial court's order[,] [Chaney's] appeal of the order denying reconsideration is not reviewable on appeal. See [Rachau] (where Commonwealth sought to appeal a trial court order denying its motion for reconsideration, the Court dismissed the appeal as unreviewable); [Thorn]

17

(order denying reconsideration is not reviewable on appeal).

Thorn is instructive. There, the plaintiff, a discharged police officer, sued various borough officials. The defendants filed a motion for summary judgment, which the trial court granted. However, the trial court subsequently vacated its order. Rather than appealing the order vacating the summary judgment, the defendants sought reconsideration. After the trial court denied reconsideration, the defendants appealed the order denying reconsideration. Several months later, the defendants filed an 'amended notice of appeal,' stating they were appealing the order vacating the summary judgment. On appeal, this Court quashed the defendants' appeal of the order vacating summary judgment as untimely. In addition, we determined the defendants' appeal from the order denying reconsideration was not reviewable, stating:

> [Defendants have] appealed from the order denying [their] petition for reconsideration. Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. We will not permit [defendants] to do indirectly that which [they] cannot do directly.

Id. at 108 (quoting Provident Nat'l Bank v. Rooklin, 378 A.2d 893, 897 (Pa. Super. 1977)). We further stated,

> As the Superior Court noted in Rooklin and as the comment to Pa.R.A.P. 1701(b)(3) expressly states, a party seeking reconsideration of an appealable order may file a notice of appeal as well as the application for reconsideration, in view of the point that the mere filing of an application for reconsideration has no effect on the running of the appeal period. If the trial court denies the application (or fails to rule on it during the appeal period), then the notice of appeal will nevertheless be timely.

18

Thorn, 538 A.2d at 108 n.4 (emphasis added).

> Here, as in *Thorn,* the only order from which a timely appeal was taken was the trial court's [December 7, 2015] order denying [Chaney's improper post-trial motion]. Because that order is not reviewable, we cannot consider it. As such, [Chaney's] appeal from the denial of [his post-trial motion] must be quashed.

> In short, this appeal involves either an untimely appeal of an appealable order . . . , an appeal following denial of an improperly filed post-trial motion or an attempted appeal of a non-appealable order denying reconsideration. By any description, the appeal is not properly before us and must be quashed.

Frempong, 865 A.2d at 317-19; see also Oak Tree Condo. Ass'n.[18]

---

[18] Under the Pennsylvania Rules of Civil and Appellate Procedure, [Chaney] was required to appeal the [t]rial [c]ourt's [October 22, 2015] order within 30 days or file a motion for reconsideration, which if granted, would result in an appealable order. [Chaney] did not appeal the [t]rial [c]ourt's [October 22, 2015] order and … did not file a motion for reconsideration that was expressly granted by the [t]rial [c]ourt. Instead, [Chaney] has appealed to this Court from the [t]rial [c]ourt's [December 7, 2015] … order …. The [t]rial [c]ourt's [December 7], 2015 order is a non-appealable order. *See, e.g., In re Merrick's Estate,* 247 A.2d [786,] 787-788 [(Pa. 1968)]; *Frempong,* [865 A.2d at 318-319.] Accordingly, we quash [Chaney's] appeal.

Oak Tree Condo. Ass'n v. Greene, 133 A.3d 113, 117-18 (Pa. Cmwlth. 2016).

In sum, because Chaney's appeal from the trial court's October 2015 order denying the Petition is untimely and because Chaney's improperly filed post-trial motions did not stay the appeal period, we quash Chaney's appeal.[19]

_____
ROBERT SIMPSON, Judge

_____

[19] In light of our holding, we need not address Chaney's substantive issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Chaney,                              :
                        Appellant           :
                                            :
        v.                                  :        No. 2736 C.D. 2015
                                            :
Fairmount Park Real Estate                  :
Corporation and HCFD Real Estate            :
Corporation (Amended by Stipulation         :
and Order to "HCFD Auctioneering            :
Corporation") and Terry Crockett            :
(Dismissed by Agreement) and                :
Commonwealth of Pennsylvania                :
State Real Estate Commission, as            :
Administrator of the Real Estate            :
Recovery Fund                               :


# **O R D E R**


        AND NOW, this 1st day of December, 2016, this appeal relating to
orders of the Court of Common Pleas of Philadelphia County is QUASHED.



                                    _____
                                    ROBERT SIMPSON, Judge