# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Cash Seized Belonging to  :
Lisa Saldana-DeLeo     : No. 567 C.D. 2017
            : Submitted: February 6, 2018
Appeal of: Lisa Saldana-DeLeo  :

BEFORE: HONORABLE ROBERT SIMPSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**     **FILED: April 4, 2018**

     In this forfeiture case, Lisa Saldana-DeLeo (Saldana) appeals from an order of the Court of Common Pleas of Jefferson County (trial court) that denied her motion for reconsideration of its March 6, 2017, order dismissing her petition for return of property, which consisted of approximately $1,101,440 in cash seized in 2012 pursuant to the statute commonly referred to as the Controlled Substances Forfeiture Act (Forfeiture Act).[1]  Saldana contends the trial court erred in dismissing her motion for return of property and answer to the Commonwealth's petition for forfeiture where Saldana did not have notice of the events from the time of her release from custody to the time of the trial court's March 6, 2017, order.  Saldana further asserts the trial court erred in denying her motion for reconsideration where it should have been clear to the court that she did not have notice of the events in the forfeiture proceeding from the time of her release from custody on April 4, 2016, to

---

[1] The former provisions of the Controlled Substances Forfeiture Act (Forfeiture Act), codified at 42 Pa. C.S. §§6801-6802, were in effect at all relevant times for the purposes of this appeal.  By the Act of June 29, 2017, P.L. 247, effective July 1, 2017, the General Assembly repealed the former provisions and enacted the current provisions of the Forfeiture Act, which can be found at 42 Pa. C.S. §§5801-5808.

the trial court's dismissal order of March 6, 2017. Also before this Court are the issues of whether Saldana filed a timely notice of appeal and whether the trial court's April 4, 2017, order denying reconsideration constituted an appealable order. For the reasons that follow, we quash Saldana's appeal.

## I. Background

In July 2012, Pennsylvania State Police Detective Steven Kontaxes and Trooper Craig Yauch executed a search warrant at Saldana's residence at 136 Wayne Avenue, Punxsutawney, Pennsylvania. According to the affidavit of probable cause attached to the criminal complaint, during the execution of the warrant, the officers discovered illegal drugs, bulk glassine bags, heroin stampers, loading devices, spoons, heroin cutting agents, synthetic drugs and other contraband. Located in close proximity to the drugs and paraphernalia, the officers found $560,676 in cash and bank information showing accounts holding another $83,463.

A second search warrant executed the same day at Saldana's business, Bodylines by Lisa, located in Rossi's Pop-Up Market, 200 Lowes Drive, North Versailles, Pennsylvania, yielded various items of drug paraphernalia including electric and hand-held grinders, glass pipes, bongs, scales, packages of rolling papers, and rollers.

During an interview the same day, Saldana told Trooper Yauch that she owned a residence at 11 Bailey Avenue in Mount Washington, Pennsylvania, which she used to store products for her Naughty by Nature business located in West Virginia. Saldana also gave the officers permission to search her Mount Washington

2

residence. That search yielded synthetic marijuana, bath salts, paraphernalia, one bag of suspected cocaine and $447,032 in cash.

The total cash seized by the officers amounted to $1,101,439.51.

On October 11, 2013, Saldana filed a petition for return of property under Pennsylvania Rule of Criminal Procedure 588(A), which provides in part: "A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof." Saldana alleged the cash came from lawful transactions and legitimate businesses including her hair salon, her business in West Virginia, and her business located in North Versailles, Pennsylvania. Mot. for Return, 10/11/13, at ¶15. Saldana further alleged there was no nexus between the money and illegal drug activity. Id. at ¶16.

In response to Saldana's petition, the Commonwealth filed an answer, new matter, and a petition for forfeiture and condemnation (forfeiture petition), and a rule to show cause why the forfeiture petition should not be granted. The forfeiture petition alleged the seized cash was furnished or intended to be furnished by persons in exchange for a controlled substance in violation of the Controlled Substance, Drug, Device and Cosmetic Act[2] (Controlled Substance Act). Answer at ¶58. Thereafter, Saldana filed an answer to the Commonwealth's new matter.

Saldana remained in prison during her criminal prosecution on state and federal drug charges. After serving two years, Saldana obtained her release on May

---

[2] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §§780.101-780.144.

4, 2016. On October 20, 2016, the Commonwealth filed a motion to compel answers to interrogatories and requests for documents. The Commonwealth served her counsel of record in July 2016. The motion, which the trial court granted, required that Saldana serve her answers within 30 days. Saldana failed to do so.

On March 3, 2017, the Commonwealth filed a motion for sanctions requesting that Saldana's motion for return of property be dismissed. On March 6, 2017, the trial court issued an order dismissing Saldana's motion for return of property and her answer to the Commonwealth's forfeiture petition. Reproduced Record (R.R.) at 36a-37a. The trial court's order also granted the Commonwealth's forfeiture petition and terminated Saldana's rights, title and interest in the currency. Id.

On April 3, 2017, Saldana, rather than appealing the merits order, filed a motion for reconsideration. R.R. at 31a-34a. In her motion, Saldana alleged (with emphasis added):

> 4. The Commonwealth then served Interrogatories and Request for Production of Documents on counsel undersigned on July 13, 2016. However, in the interim, [Saldana] had been prosecuted by the Department of Justice at 14-217 and in the [trial court] at No. 388-CR-2014. As a result of cooperation at 14-217 with the federal government she received a sentence of 24 months. In addition, at No. 388-CR-2014 your Court sentenced her to a sentence concurrent with her sentence at 14-217, less 1 day.
>
> 5. This matter languished during the time of [Saldana's] cooperation, however, in a meeting with the District Attorney and representatives of the Attorney General's office prior to [Saldana's] sentencing in Jefferson County,

4

it was made clear that the offer by the District Attorney would not be made if [Saldana] did not agree to forfeiture of the seized funds.

6. [Saldana] was released from the Jefferson County Jail on May 6, 2017 [sic].

7. Thereafter, counsel and [Saldana] and her family had a significant falling out and counsel had no contact with [Saldana] and she made no contact with counsel or his office.

8. The whereabouts of [Saldana] were unknown to counsel and his staff and on receiving documents relating to the seizure of the funds, counsel's staff, unbeknownst to counsel, placed them in [Saldana's] file.

9. Thus, [Saldana] had no notice of the correspondence and filings after they were sent to counsel's office.

10. On March 6, 2017 your Court issued an Order dismissing [Saldana's] Motion for Return of Property and her Answer to the Petition for Forfeiture and Condemnation.

11. After service of the March 6, 2017 Order of Court, counsel's staff contacted prior counsel as well as others in an attempt to locate [Saldana]. It was discovered that upon release, she claimed residency at her house at 136 Wayne Road, Punxsutawney [PA] 15767, however, she had no phone. Thereafter, she moved to 1790 Potomac Avenue, Pittsburgh, [PA] where she maintained a phone at 412.377.0727.

11. [sic] [Saldana] was contacted and notified of the Order and the Commonwealth Interrogatories and Request for Production of Documents of which she had no prior notice. Due to restrictions placed on her during her post sentence supervision she was not able to retrieve mail sent to a mailbox rented for her by her sister at P.O. Box 1096, Punxsutawney [PA] 15767 – an address used by the Attorney General's office in correspondence mailed directly to her on February 27, 2017.

5

12. Reconsideration is sought in that [Saldana] did not have notice of the events from the time of her release to the time of the Court's March 6, 2017 order.

13. [Saldana] has provided counsel with Answers to Interrogatories and submitted documents in response to the Request for Production of Documents. Those Answers to Interrogatories and responsive documents will be filed immediately if the Court grants reconsideration of the March 6, 2017 order.

R.R. at 32a-34a.

On April 4, 2017, the trial court issued an order denying reconsideration. R.R. at 29a. On May 3, 2017, Saldana filed a notice of appeal. Thereafter, in her concise statement of errors complained of on appeal, Saldana stated:

1. This Court erred in dismissing [Saldana's] Motion for Return of Property and her Answer to the Petition for Forfeiture and Condemnation where [Saldana] did not have notice of the events from the time of her release to the time of the Court's March 6, 2017 order due to counsel's staff error.

2. The Court erred in denying [Saldana's] Motion for Reconsideration of the Order of March 6, 2017 where it was clear that [Saldana] did not have notice of the events in this forfeiture proceeding from the time of her release from the Jefferson County Jail on April 4, 2016 [sic] to the time of the Court's dismissal order of March 6, 2017.

R.R. at 11a.

On May 31, 2017, the trial court filed a Rule 1925(a) opinion in support of its order. R.R. at 8a-9a. In denying it erred in entering its order dismissing

6

Saldana's motion for reconsideration, the trial court reasoned (with emphasis added):

> As the record reflects, [Saldana] did not respond to the Commonwealth's Interrogatories and Request for Production of Documents, which were forwarded to her attorney on July 13, 2016. Nor did she comply with the Court's order, filed October 21, 2016, directing her to answer the Interrogatories and Requests within thirty days. [The trial court] thus granted the Commonwealth's Motion for Sanctions via the contested March 6, 2017 order.

> On April 3, 2017, [Saldana] filed her Motion for Reconsideration pursuant to 42 Pa. C.S. §5505, averring that she had been out of contact with her attorney throughout the relevant time period and that her attorney's staff had errantly filed the aforementioned documents without notifying him. She thus claimed that she was without notice and, therefore, not properly subject to the sanctions levied pursuant to the March 6, 2017 order. The Court does not agree with her conclusion.

> Even assuming that the averments set forth in her Motion for Reconsideration are true, she did not plead 'lack of notice' such that justice demanded further consideration. [Saldana] knew when she quit communicating with counsel that the Commonwealth's forfeiture petition was pending against her. Yet she chose to keep her whereabouts secret from [her counsel], the Court and the Commonwealth. Because she did not actually fire counsel, however, he remained her attorney of record and, as such, was the person designated by Pa.R.Crim.P. [114(B) and 576(B)] to receive copies of all relevant documents related to her case.

> As well as failing to communicate with or fire her attorney, either of which would have ensured her receipt of the above-referenced documents, [Saldana] declined to make any effort to keep herself abreast of developments in this case. Had she done so, she would have become aware of the Commonwealth's Motion to Compel, filed October

7

20, 2016, and the Court's responsive order, wherein it cautioned her that a failure to comply could result in sanctions, long before the imposition thereof. Had she done so, she would have put herself in a position to respond to the allegations and avoid what ultimately occurred. She neglected to do so, and <u>it was not the Court's duty to ensure that she was communicating with her attorney or taking alternative measures to stay engaged as her case progressed</u>. On the contrary, the Court fulfilled its obligation under Rule 114(B) and, as a result, did not err when it entered the March 6, 2017 order and denied [Saldana's] Motion for Reconsideration.

Tr. Ct., Slip Op., 5/31/17, at 1-2; R.R. at 8a-9a.

In July 2017, this Court, speaking through Senior Judge Bonnie Brigance Leadbetter, issued an order noting that Saldana filed her May 3, 2017, notice of appeal more than 30 days after the trial court's merits order. Therefore, this Court directed the parties to address the merits of the timeliness of Saldana's appeal of the March 6, 2017, order in their principal briefs on the merits. R.R. at 1a. In addition, the Court further recognized that an order denying reconsideration is not an appealable order. <u>See</u> <u>In re Merrick's Estate</u>, 247 A.2d 786 (Pa. 1989). Consequently, the Court also directed the parties to discuss in their respective briefs the appealability of the April 4, 2017, order denying reconsideration.

## II. Discussion

### A. Timeliness of Appeal; Appealable Order

In accord with this Court's July 26, 2017, order, we first address the issues of whether Saldana timely filed her notice of appeal within the requisite 30

8

days of the trial court's original merits order and whether the trial court's order denying reconsideration is an appealable order.

The timeliness of an appeal is jurisdictional and may be raised by any party, and by the Court on its own motion, at any stage of the proceedings. Reading Anthracite Co. v. Rich, 577 A.2d 881 (Pa. 1990); City of Phila. v. Frempong, 865 A.2d 324 (Pa. Cmwlth. 2005). An untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operations. Frempong.

Pennsylvania Rule of Appellate Procedure 903(a) provides: "Except as prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Further, Pennsylvania Appellate Rule 105(b) (enlargement of time) expressly prohibits an appellate court from enlarging the time for filing a notice of appeal. Appellate Rule 105(b) provides (with emphasis added):

> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

Further, we recognize that a party's filing of a motion for reconsideration does not stay the appeal period; the appeal period is only tolled where the trial court expressly grants reconsideration of the prior order. Pa. R.A.P. 1701(b)(3); Moore v. Moore, 634 A.2d 163 (Pa. 1993); Oak Tree Condo. Ass'n v. Greene, 133 A.3d 113 (Pa. Cmwlth. 2016). In Greene, this Court observed that

Appellate Rule 1701(b) clarified the principle that a motion for reconsideration does not act as a stay of the appeal period.

Equally significant here, a trial court's order denying reconsideration is not reviewable on appeal. See Chaney v. Fairmount Park Estate Corp., 155 A.3d 648 (Pa. Cmwlth. 2016); Frempong; Commonwealth v. Rachau, 670 A.2d 731 (Pa. Cmwlth. 1996); Thorn v. Newman, 538 A.2d 105 (Pa. Cmwlth. 1988).

The trial court issued its substantive order on March 6, 2017, which dismissed Saldana's motion for return of property and her answer to the forfeiture petition. R.R. at 36a-37a. Saldana did not appeal this order. Rather, Saldana filed a motion for reconsideration of the March 6 order. See R.R. at 31a-35a. On April 4, 2017, the trial court expressly denied the motion for reconsideration. This rendered the April 4 order unappealable and therefore unreviewable. Pa. R.A.P. 1701(3); Moore; Merrick's Estate; Oak Tree Condo Ass'n; Thorn.

Further, Saldana's motion for reconsideration, denied by the trial court, did not stay the 30-day appeal period for the March 6, 2017, order. Pa. R.A.P. 1701(b); Moore; Oak Tree Condo Ass'n; Frempong.

For these reasons, we quash Saldana's appeal, filed May 3, 2017, as an untimely appeal of the trial court's March 6, 2017, merits order, Frempong, and as an improper and unreviewable appeal of the trial court's April 4, 2017, order denying her motion for reconsideration. Moore; Merrick's Estate; Oak Tree Condo Ass'n.

10

## B. Late Appeal by Permission

Having determined that Saldana's motion for reconsideration, which the trial court denied, did not stay the 30-day appeal period for the trial court's March 6, 2017, merits order, we are legally precluded from determining whether the trial court erred in dismissing Saldana's motion for return of property and answer to the Commonwealth's forfeiture petition. Further, because the trial court's order denying Saldana's motion for reconsideration is unappealable, we are legally precluded from determining whether the trial court erred in denying it.

Nevertheless, for the sake of completeness, we review Saldana's appeal as a petition in the nature of a request for an appeal *nunc pro tunc* (late appeal by permission) of the March 6, 2017, merits order. In her brief, Saldana requests that this Court remand the case to the trial court with instructions that the matter be reinstated and that Saldana be afforded an opportunity to defend her claim to the seized funds.

Essentially, Saldana's counsel argues that after Saldana was released from custody in early May 2016, he and Saldana had a "significant falling out" and thereafter had no contact with each other. R.R. at 32a. Saldana's counsel further argues that unbeknownst to him, when his staff received documents relating to the seizure of Saldana's funds, they simply placed them in Saldana's file. Id. Therefore, Saldana did not receive notice of the correspondence and filings sent to counsel's office. Id. at 33a. In addition, because of restrictions imposed upon Saldana during her post-sentence supervision, she could not retrieve mail sent by the Attorney

11

General in February 2017 to a post office box her sister rented for her in Punxsutawney. Id.

Consequently, based on her lack of notice of the events occurring following her May 2016 release, up to the trial court's March 2017 order dismissing her motion for return of property, Saldana asserts she did not have a full opportunity to defend herself in the Commonwealth's forfeiture action. In the interest of justice, Saldana argues, she must be afforded those rights.

We recognize that even where a party files an untimely notice of appeal, an appellate court may grant a party equitable relief in extraordinary circumstances in the form of an appeal *nunc pro tunc*. Criss v. Wise, 781 A.2d 1156 (Pa. 2001). At first, the courts only granted an appeal *nunc pro tunc* in situations where a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations. See W. Penn Power v. Goddard, 333 A.2d 909 (Pa. 1975) (the time for taking an appeal will not be extended as a matter of grace or as a mere indulgence). Thereafter, the Supreme Court expanded the scope of *nunc pro tunc* appeals to include situations where an appellant, or an appellant's counsel, failed to file a timely notice of appeal as a result of non-negligent circumstances. See Bass v. Commonwealth, 401 A.2d 1133 (Pa. 1979) (where appellant's attorney filed appeal four days late because of his secretary's illness, appeal *nunc pro tunc* allowed); Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996) (appeal *nunc pro tunc* allowed where claimant filed his appeal four days late because he was hospitalized with severe illness). In sum, the exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in

12

unique and compelling circumstances where the appellant clearly established that she attempted to file a timely appeal, but unforeseeable and unavoidable circumstances precluded her from actually doing so. Criss; Cook.

Here, Saldana fails to identify a sufficient breakdown in court operations or any non-negligent circumstances, involving either herself or her counsel, which would warrant equitable relief in the nature of an appeal *nunc pro tunc*. The trial court noted that after her release from custody Saldana knew when she ceased communicating with her counsel that her motion for return of property and the Commonwealth's forfeiture petition were still pending. Nonetheless, Saldana chose to keep her whereabouts secret from her counsel, the trial court, and the Commonwealth.

Further, because Saldana never dismissed or replaced her counsel, he remained counsel of record. Pursuant to Pennsylvania Rules of Civil Procedure Nos. 236(a)(2) and 440(a)(1)(i), and Pennsylvania Rules of Criminal Procedure 114(B) and 576(B)(2), notice by the prothonotary and others in civil cases, and notice by the clerk of courts in criminal cases, shall be sent to the attorney of record. The "attorney of record" for purposes of notice of entry of order, decree or judgment rule is the attorney listed on the docket. Fraternal Order of Police, Lodge No. 5 v. City of Phila., 655 A.2d 666, 669 (Pa. Cmwlth. 1995).

In sum, Saldana's failure to provide her address or other contact information to her counsel, or to the trial court following her release from prison, cannot be considered a non-negligent circumstance. See Arena Beverage Corp. v.

13

Pa. Liquor Control Bd., 97 A.3d 444 (Pa. Cmwlth. 2014) (making a decision to do nothing in response to time sensitive matters does not constitute a non-negligent circumstance or an administrative breakdown justifying an extension of the appeal period).

Therefore, we discern no breakdown in court operations. Further, Saldana failed to assert any non-negligent circumstances, which would warrant equitable relief in the nature of an appeal *nunc pro tunc* from the trial court's order dismissing her motion for return of property and granting the Commonwealth's forfeiture petition. Criss; Arena Beverage.

## III. Conclusion

For the above reasons, we quash Saldana's May 3, 2017, appeal as an untimely appeal of the trial court's March 6, 2017, merits order, Frempong, and as an improper appeal of the trial court's April 4, 2017, order denying Saldana's motion for reconsideration. Moore; Merrick's Estate; Oak Tree Condo Ass'n. Further, even considering Saldana's appeal as a request for an appeal *nunc pro tunc* of the March 6, 2017, merits order, we discern no breakdown in court operations or any non-negligent circumstances, involving either Saldana or her counsel, which would warrant equitable relief in the nature of an appeal *nunc pro tunc* from the trial court's order dismissing her motion for return of property and granting the Commonwealth's forfeiture petition. Criss; Arena Beverage.

_____
ROBERT SIMPSON, Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Cash Seized Belonging to : 
Lisa Saldana-DeLeo : No. 567 C.D. 2017
 : 
Appeal of: Lisa Saldana-DeLeo :

# **O R D E R**

**AND NOW**, this 4th day of April, 2018, for the reasons stated in the foregoing opinion, the appeal of Lisa Saldana-DeLeo is **QUASHED**.

_____
ROBERT SIMPSON, Judge