# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angela D. Thigpen-Yates,          :
          Appellant     :
                           :   No. 1024 C.D. 2023
          v.           :
                           :   Submitted: October 9, 2025
Animal Care and Control of     :
Philadelphia                  :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                          **FILED: November 19, 2025**

Angela D. Thigpen-Yates (Appellant) purports to appeal _pro se_ from an order issued by the Court of Common Pleas for Philadelphia County (trial court) on September 7, 2023,[1] by which the trial court declined to reconsider its prior order, issued July 12, 2023, which had dismissed her suit with prejudice. Concluding that this appeal is not properly before us, we quash.

## I. BACKGROUND

Appellant commenced this action by complaint, asserting that she would like to reclaim her dog from the Animal Care and Control of Philadelphia (ACCP). Compl., 7/6/22.[2] ACCP responded with preliminary objections asserting

---

[1] _See_ Pa.R.Civ.P. 236.

[2] Appellant's complaint consists of three averments:

   1.  Hello, my name is Angela.

a lack of factual specificity and legal insufficiency. Prelim. Objs., 4/25/23. The trial court sustained these preliminary objections, dismissed the complaint without prejudice, and granted Appellant 20 days to file an amended complaint. Trial Ct. Order, 5/25/23.

On July 12, 2023, upon motion by ACCP, the trial court dismissed Appellant's suit with prejudice. Trial Ct. Order, 7/12/23 (Final Order). On August 11, 2023, Appellant sought reconsideration. Appellant's Mot., 8/11/23 (Reconsideration Motion).[3] On September 6, 2023, the trial court denied reconsideration. Trial Ct. Order, 9/6/23 (Reconsideration Order).

On September 12, 2023, Appellant filed a notice of appeal from the Reconsideration Order. In response, the trial court issued an order directing Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days and further informed Appellant that any issues not included in the statement "timely filed and served . . . shall be deemed waived." Trial Ct. Pa.R.A.P. 1925(b) Order, 10/6/23. Appellant timely filed a statement.[4] *See*

---

2. I would like to reclaim my dog[,] Sasha, from [ACCP].
3. Or obtain all her records.

Compl. at 1 (unpaginated).

Although not of record, ACCP suggests that a family member of Appellant surrendered the dog to ACCP several years prior to this suit and that the dog was subsequently adopted. *See* ACCP's Br. at 1.

[3] Appellant's motion is identified in the trial court docket as a Motion for Extension of Time to Answer/Respond. The trial court construed this filing as a motion for reconsideration. It contains a single averment: "I did not receive my notification in the mail, to resubmit the complaint." Reconsideration Motion at 3 (unpaginated).

[4] Appellant's statement provides:

I was not aware that the complaint, [sic] should have been updated. The defendant's attorney objected to the complaint. That seems like a procedure that can occur, in an actual courtroom. I was simply waiting to go to arbitration.

Appellant's Pa.R.A.P. 1925(b) Statement.

2

Appellant's Pa.R.A.P. 1925(b) Statement, 10/16/23. The trial court then issued a responsive opinion, concluding that (1) Appellant's appeal is untimely and (2) Appellant has waived all issues on appeal because her Pa.R.A.P. 1925(b) statement lacks sufficient detail. Trial Ct. Op., 6/11/24.

Upon review, this Court directed Appellant to address whether the Reconsideration Order is appealable, as well as the sufficiency of her Pa.R.A.P. 1925(b) statement. *See* Mem. & Order, 7/30/24. However, in her brief to this Court, Appellant has not addressed these issues. *See generally* Appellant's Br. Rather, Appellant simply maintains that she is appealing the Reconsideration Order, *id.* at 2, and substantively challenges the trial court's handling of ACCP's preliminary objections. *See id.* at 4 (suggesting that a litigant "may not need to respond to [p]reliminary [o]bjections in the nature of a demurrer").

## II. DISCUSSION

Appellant purports to appeal from the Reconsideration Order. *See id.* at 2. However, "Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal." *Chaney v. Fairmont Park Real Est. Corp.*, 155 A.3d 648, 657 (Pa. Cmwlth. 2016) (citation omitted). It is well settled that an appeal not properly before this Court must be quashed. *In re Merrick's Est.*, 247 A.2d 786, 788 (Pa. 1968); *Chaney*, 155 A.3d at 657; *Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988). Here, the trial court's refusal to reconsider its decision is not reviewable. Appellant's attempt to appeal this non-appealable decision is not properly before us and must be quashed.

Our conclusion would be no different even if we were to construe this appeal as from the trial court's order dismissing Appellant's suit with prejudice. A

3

final order must be appealed within 30 days. Pa.R.A.P. 903(a); Pa.R.A.P. 341 (defining a final order, in relevant part, as an order that "disposes of all claims and of all parties"). Further, "[a] party's filing of a motion for reconsideration . . . does not stay the appeal period; the appeal period is only tolled where the trial court 'expressly grants' the request for reconsideration." *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 676 (Pa. Cmwlth. 2021). This Court must quash an untimely appeal absent a showing of fraud or a breakdown in the court's operation. *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005).

Here, the trial court dismissed Appellant's suit with prejudice on July 12, 2023. *See* Final Order. Appellant did not file a notice of appeal until September 12, 2023. *See* Notice of Appeal, 9/12/23. It is therefore patently untimely. Additionally, in seeking reconsideration, Appellant did not extend her appeal period Finally, Appellant has not demonstrated fraud or a breakdown in the trial court's operation. For these reasons, too, Appellant's appeal must be quashed.

### III. CONCLUSION

In sum, Appellant's appeal involves either an attempted appeal of a non-appealable order or an untimely appeal of an appealable order. For these reasons, we quash Appellant's appeal.[5] *See In re Merrick's Est.*, 247 A.2d at 788; *City of Phila.*, 865 A.2d at 317.

_____

**LORI A. DUMAS, Judge**

---

[5] As we quash this appeal, we do not consider the sufficiency of Appellant's Pa.R.A.P. 1925(b) Statement.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angela D. Thigpen-Yates,  :
               Appellant  :
                    :  No. 1024 C.D. 2023
          v.  :
                    :
Animal Care and Control of  :
Philadelphia  :

## **O R D E R**

AND NOW, this 19th day of November, 2025, the appeal filed by Angela D. Thigpen-Yates on September 12, 2023, is QUASHED.

 

 

**LORI A. DUMAS, Judge**