# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oak Tree Condominium Association,   :
                                           :
             Appellant         :
                                           :
             v.               : No. 794 C.D. 2015
                                         : Submitted: October 9, 2015
John R. Greene, Sr. and Linda M.   :
Greene, and Wells Fargo Bank, N.A.  :
and Gary A. Hartman, Sheriff      :

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                   **FILED:  February 3, 2016**

Before this Court is Oak Tree Condominium Association's (Association) appeal of the February 9, 2015 order of the Mercer County Court of Common Pleas (Trial Court) denying the Association's request to set aside the November 3, 2014 Sheriff's sale of 112 D Clubhouse Drive, Shenango Township, West Middlesex, Pennsylvania (Property).[2]

The Association's first argument on appeal is procedural. Following the Trial Court's order denying the Association's request to set aside the Sheriff's sale of the Property, the Association filed a motion for post-trial relief on February 20, 2015. The Trial Court scheduled a hearing for disposition of the motion on March 26, 2015. On April 10, 2015, the Trial Court issued an opinion and order concluding that because the matter had not gone to trial, the motion for post-trial

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] By October 6, 2015 order of this Court, appellee Wells Fargo Bank, N.A. was precluded from filing a brief in this matter. The only appellee in this matter is Gary A. Hartman, Sheriff.

relief was properly styled as a motion for reconsideration. *See* Pa. R.C.P. No. 227.1(c). The Trial Court further concluded that because reconsideration of the February 9, 2015 order had not been expressly granted within the prescribed 30-day period, the Trial Court no longer had jurisdiction to address the merits of the Association's motion.[3] We agree. Accordingly, we quash the Association's appeal.

Before this Court, the Association argues that pursuant to Pennsylvania Rule of Civil Procedure 227.1[4] (Rule 227.1), a motion for post-trial

---

[3] The Trial Court also concluded that, even if jurisdiction was retained, the Association's motion was without merit.

[4] The relevant text of the rule and notes provide:

(a) **After trial** and upon the written Motion for Post-Trial Relief filed by any party, the court may
    (1) order a new trial as to all or any of the issues; or
    (2) direct the entry of judgment in favor of any party; or
    (3) remove a nonsuit; or
    (4) affirm, modify or change the decision; or
    (5) enter any other appropriate order.

> Note: The motion for post-trial relief replaces the following motions and exceptions: motion for new trial, motion for judgment notwithstanding the verdict, motion upon the whole record after disagreement of a jury, motion in arrest of judgment, motion to remove a nonsuit and exceptions following the decision of the judge in a trial without jury.
>
> The following rules provide for the filing of exceptions, e.g., Equity Rule 1534 (exceptions to a fiduciary's account), Partition Rule 1569 (exceptions to a master's report) and Divorce Rule 1920.55-2 (exceptions to a master's report), Support Rule 1910.12(e) (exceptions to a hearing officer's report) and Execution Rule 3136(d) (exceptions to sheriff's schedule of proposed distribution).

(b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

Note: If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.
***

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

**(c) Post-trial motions shall be filed within ten days after**
**(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or**
**(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.**

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

**Note: A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial. See U. S. National Bank in Johnstown v. Johnson, 487 A.2d 809 (Pa. 1985).**
***

(d) A motion for post-trial relief shall specify the relief requested and may request relief in the alternative. Separate reasons shall be set forth for each type of relief sought.
***

Pa. R.C.P. No. 227.1 (emphasis added).

relief is proper when a party is appealing an order under the Uniform Condominium Act, 68 Pa. C.S. §§ 3101-3414. In support of this argument, the Association relies upon *Centennial Station Condominium Association v. Schaefer Company Builders*, 800 A.2d 379 (Pa. Cmwlth. 2002), and specifically this Court's statement that "[b]oth parties sought post-trial relief, and the original order was modified by orders of May 31, 2001 and June 6, 2001." *Id*. at 382. In relying on *Centennial Station*, the Association's argument overlooks the fact that the parties in *Centennial Station* were before this Court on appeal following a bench trial. *Id*. In the instant matter, there simply was no trial.

Where a party has filed a timely motion for reconsideration following entry of a final order and the trial court has expressly granted the request for reconsideration, the 30-day period within which an appeal must be taken will stop and begin to run anew only after the entry of the trial court's decision on reconsideration. Pa. R.A.P. 903(a), 1701(b)(3). A party's filing of a motion for reconsideration, however, does not stay the appeal period; the appeal period is only tolled where the trial court "expressly grants" the request for reconsideration. Pa. R.A.P. 1701(b); *Moore v. Moore*, 634 A.2d 163, 167 (Pa. 1993) ("Rule 1701(b) of the [Pennsylvania Rules of Appellate Procedure] codified this well established principle regarding the inherent authority of the trial court, and clarified the fact that a motion for reconsideration does not act as a stay of the appeal period."); *In re Merrick's Estate*, 247 A.2d 450, 454-455 (Pa. 1968) (a timely request for reconsideration "would not have had the effect of tolling the appeal statute where no stay of proceedings has been asked and granted"). An order that "expressly grants" a request for reconsideration must clearly state that the final order is rescinded and reconsideration is granted; "the establishment of a briefing schedule,

4

hearing date, or issuance of a rule to show cause does not suffice," to toll the 30-day period within which a party must appeal. *Valley Forge Center Associates v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997).

By contrast, where a trial has taken place and timely post-trial motions have been filed pursuant to Rule 227.1, the appeal period does not begin to run until the trial court has issued a decision on the post-trial motions. *Chalkey v. Rouse*, 805 A.2d 491, 496 (Pa. 2002); *Lane Enterprises, Inc. v. L.B. Foster Co.,* 710 A.2d 54 (Pa. 1998). Pursuant to Rule 227.1, post-trial motions are mandatory where a party seeks to preserve issues that the party wishes to raise on appeal following a trial. *Chalkey,* 805 A.2d at 492 (Pa. 2002). The purpose of Rule 227.1 is to allow the trial court the opportunity to examine its ruling and correct any errors in the first instance, as well as to frame the issues should appellate review be necessary. *Chalkey*, 805 A.2d at 494 n.9.

While trial courts should be flexible in considering whether filings may be construed as motions for post-trial relief or motions for reconsideration, the discretion a trial court may exercise is limited by its jurisdiction. *Kurtas v. Kurtas*, 555 A.2d 804, 806 (Pa. 1989); *Arches Condominium Association v. Robinson*, __ A.3d__, __, (Pa. Cmwlth. No. 361 C.D. 2015, filed December 29, 2015), 2015 WL 9467327, slip op. at 3-5; *De Lage Landen Financial Services, Inc. v. Rozentsvit*, 939 A.2d 915, 923 (Pa. Super. 2007); *Gemini Equipment Co. v. Pennsy Supply, Inc.,* 595 A.2d 1211, 1213 (Pa. Super. 1991). A timely motion styled as one for reconsideration where post-trial motions are proper can be treated as a post-trial motion where the request for relief comports with the requirements delineated in Rule 227.1(a)(4)—to affirm, modify or change a decision—but an impermissible motion for post-trial relief cannot be treated as a proper motion for reconsideration

5

where the appeal period has run before the motion is acted upon. Prior to the 30-day appeal period, a trial court has broad authority to modify or rescind an order, and is within its authority to exercise its discretion to decide even untimely motions where there is no objection. *See* 42 Pa. C.S. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry…if no appeal from such order has been taken or allowed."); *Arches Condominium Association v. Robinson*, __ A.3d__, __, 2015 WL 9467327 at \*4-5 (Pa. Cmwlth. 2015). However, a trial court relinquishes its ability to act once the 30-day period has passed and a motion for reconsideration has not been expressly granted to toll the appeal period.

In the instant matter, post-trial motions were improperly filed and the Trial Court did not expressly grant reconsideration. Pa. R.C.P. No. 227.1(c); *Coco Brothers, Inc. v. Board of Public Education of School District of Pittsburgh*, 608 A.2d 1035, 1036-1037 (Pa. 1992). Instead, the Trial Court issued an order scheduling a hearing to address the Association's post-trial motions on March 26, 2015. (*See* Certified Record Item No. 23, Trial Court's February 23, 2015 scheduling order.) The opposing parties below objected to the Association's request for relief, arguing that the Trial Court lacked jurisdiction because the 30 days within which the Trial Court had broad authority to modify or rescind its order had passed. The Trial Court examined the Association's motion and determined that it was properly one for reconsideration. In most instances the Trial Court could have then considered whether treating the motion as if it had been properly filed by the Association would prejudice the opposing parties. *Kurtas*, 555 A.2d at 806; *Arches Condominium*, __ A.3d at __, slip op. at 4-5. However, because the improper filing allowed the appeal period to run, the Trial Court

6

lacked discretion to treat the motion as though it had been properly filed because the Trial Court was without jurisdiction.

Under the Pennsylvania Rules of Civil and Appellate Procedure, the Association was required to appeal the Trial Court's February 9, 2015 order within 30 days or file a motion for reconsideration, which if granted, would result in an appealable order. The Association did not appeal the Trial Court's February 9, 2015 order and the Association did not file a motion for reconsideration that was expressly granted by the Trial Court. Instead, the Association has appealed to this Court from the Trial Court's April 10, 2015 opinion and order where the Trial Court noted its lack of jurisdiction and, in the alternative, denied the Association's request for reconsideration. The Trial Court's April 10, 2015 order is a non-appealable order. *See, e.g., In re Merrick's Estate*, 247 A.2d at 454-455; *City of Philadelphia v. Frempong*, 865 A.2d 314, 318-319 (Pa. Cmwlth. 2005). Accordingly, we quash the Association's appeal.

**JAMES GARDNER COLINS, Senior Judge**

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oak Tree Condominium Association, :
                                         :
             Appellant           :
                                           :
             v.               : No. 794 C.D. 2015
                                         :
John R. Greene, Sr. and Linda M. :
Greene, and Wells Fargo Bank, N.A. :
and Gary A. Hartman, Sheriff :

## ORDER

AND NOW, this 3rd day of February, 2016, the appeal in the above-captioned matter is QUASHED.

 

**JAMES GARDNER COLINS, Senior Judge**