J-A22023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TWILA HAYNES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ASSETS PROTECTION INC. AND RIVERSIDE PRESBYTERIAN APTS. | |
| Appellees | No. 3060 EDA 2016 |

Appeal from the Order Entered August 29, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July 2015 No. 02506

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED AUGUST 14, 2017**

Twila Haynes appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, granting summary judgment in favor of Appellees, Assets Protection Inc. and Riverside Presbyterian Apts., in this wrongful termination/employment action.[1]  Because of the deficiencies in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that this appeal could be quashed on alternative grounds.  Here, the trial court entered a final order dismissing Haynes' amended complaint on October 30, 2015.  On November 6, 2015, Haynes filed a timely motion for reconsideration of that order.  On February 3, 2016, the trial court entered an order granting Haynes' motion for reconsideration.  Because the court did not expressly grant Hanyes' motion within 30 days of the date of the final order, the appeal period had run before the motion was acted upon. Accordingly, Haynes' subsequent notice of appeal filed on September 14, 2016, was untimely.  **See Oak Tree Condo. Ass'n v. Greene**, 133 A.3d 113 (Pa. Commw. 2016); Pa.R.A.P. 903(a); 1701(b)(3).

Hayne's brief, we are unable to discern what issues she wishes to raise or the arguments she wishes to present to this Court. Accordingly, we dismiss the appeal.

> Pursuant to Pa.R.A.P. 2101:
>
> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. We also bring Rule 2111 to Haynes' attention. That rule provides:

> Rule 2111. Brief of the Appellant
>
> **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:
>
>   (1)  Statement of jurisdiction.
>   (2)  Order or other determination in question.
>   (3)  Statement of both the scope of review and the standard of review.
>   (4)  Statement of the questions involved.
>   (5)  Statement of the case.
>   (6)  Summary of argument.
>   (7)  Argument for appellant.
>   (8)  A short conclusion stating the precise relief sought.
>   (9)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
>   (10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.
>
>   **(a)  Opinions below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other

> determination under review, if pertinent to the questions involved[.]

Pa.R.A.P. 2111.

A review of Haynes' brief evidences almost a complete failure to abide by the Pennsylvania Rules of Appellate Procedure. Haynes' brief fails to include a scope of review, *see* Pa.R.A.P. 2111(a)(3), summary of the argument, *see* Pa.R.A.P. 2111(a)(6),[2] or include the proper procedural or factual history of the case. *See* Pa.R.A.P. 2111(a)(5). Most egregious, however, is the fact that Haynes' argument section fails to address the issue appealed, does not set forth any legal argument, omits any citation to case law or other legal authority, and fails to reference the record. *See* Pa.R.A.P. 2117(a)(4), 2119(b)-(d).

We recognize that Haynes is *pro se*, however, as noted in ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa. Super. 1996):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

***Id.*** at 1013. The ***Rivera*** court concluded that "we decline to become the appellant's counsel. When issues are not properly raised and developed in

---

[2] While Haynes has a section titled "Summary Argument" in her brief, it contains boilerplate standard of review language for summary judgment and no actual summary of an argument. *See* Pa.R.A.P. 2118.

- 3 -

briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Id.** (quoting **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982)). Because we are unable to conduct a meaningful review, we quash this appeal.

Appeal quashed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2017

---

[3] We note that even if we had not quashed this appeal, Haynes is not entitled to relief in her wrongful termination case where she failed to exhaust her administrative remedies before filing the instant complaint in court. **See** 42 U.S.C.S. § 2000e-5(c) (any plaintiff alleging violation of Title I must exhaust administrative remedies under Title VII of Civil Rights Act of 1964, before filing court action).