IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,            :
               Appellant         :
                                   :
           v.                   :
                                   :
Greene County Office of    :    No. 1177 C.D. 2019
District Attorney             :    Submitted: April 9, 2021


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge

OPINION BY
JUDGE COVEY                              FILED: May 17, 2021


Alton D. Brown (Brown) appeals, *pro se*, from the Greene County Common Pleas Court's (trial court) July 16, 2019 order denying Brown's appeal from the Appeals Officer (Appeals Officer) for the Greene County District Attorney's Office's (District Attorney's Office) decision, which denied Brown's Right-to-Know Law (RTKL)[1] Request (Request). There are three issues before this Court: (1) whether Brown timely appealed from the trial court's order; (2) whether the trial court erred by determining that the private criminal complaints were exempt from disclosure under Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16) (criminal investigations); and (3) whether the trial court abused its discretion by determining that the District Attorney's Office did not possess the requested records. After review, this Court quashes Brown's appeal for lack of jurisdiction.

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## Background

On May 1, 2017, Brown requested from the District Attorney's Office:

> 1. All [p]rivate [c]riminal [c]omplaints submitted to the [Greene County] prosecutor [(Prosecutor)] during the years of 2017-2016 [sic] (excluding any such complaints submitted by [Brown]).
>
> 2. The [Greene] County [j]ob [d]escription for the . . . Prosecutor.
>
> 3. Any document that governs investigations and disposition of private criminal complaints issued by the . . . Prosecutor.

Pennsylvania Office of Open Records (OOR) June 26, 2017 Final Determination (Final Determination) at 2. On May 11, 2017, the District Attorney's Office denied the Request stating that Request item one, the private criminal complaints, were related to criminal investigations, and Request items two and three did not exist, or are not maintained by the District Attorney's Office. On May 25, 2017, Brown filed an appeal with the OOR.

On June 16, 2017, the OOR reopened the record, and allowed for additional information to be submitted, although none was provided by either party. On June 26, 2017, the OOR issued its Final Determination, ruling that the District Attorney's Office did not offer any evidentiary basis to support its claim that no records responsive to Request items two and three existed in its possession, custody or control, nor did the District Attorney's Office cite any exemptions for denying access to such responsive records. The OOR further determined that, with regard to Request item one, the OOR lacked jurisdiction to assess whether the requested complaints are exempt as records related to a criminal investigation under Section 708(b)(16) of the RTKL. Therefore, the appeal was transferred to the Appeals Officer.

On July 25, 2017, the District Attorney's Office submitted an Affidavit to the Appeals Officer from the Greene County Detective and the District Attorney to support its position. On August 1, 2017, Brown provided a letter and several exhibits to the Appeals Officer to support his position. On August 10, 2017, the District Attorney's Office submitted one additional District Attorney Affidavit. On August 21, 2017, the Appeals Officer denied Brown's appeal without a hearing, determining that criminal investigative materials, such as the private criminal complaints submitted to the District Attorney for review, are exempt under Section 708(b)(16) of the RTKL.

On September 22, 2017, Brown appealed to the trial court. The trial court held a hearing on December 4, 2017. On December 15, 2017, the trial court denied Brown's Request. Brown filed a Motion for Reconsideration. On December 18, 2017, the trial court denied Brown's Motion for Reconsideration. On January 29, 2018, Brown appealed from both orders to this Court. By June 6, 2018 Order, this Court remanded the case to the trial court to conduct a rehearing, create a transcript, and issue a new decision within 60 days of entry of the Order.

**Facts**

The trial court held a hearing on July 12, 2018. On July 16, 2019, the trial court denied Brown's Request.[2] On August 5, 2019, Brown filed a Motion for Reconsideration, which the trial court denied on August 7, 2019. On August 20, 2019, Brown appealed from the July 16, 2019 order to this Court. By October 17, 2019 Order, this Court directed the parties to address whether the appeal is untimely

---

[2] The one-year delay in the trial court's ruling was caused by the delay in receiving the hearing transcript.

3

in their principal briefs on the merits or in an appropriate motion. Neither of the parties complied with the Order.

**Timeliness of Appeal**

Initially, "[t]he timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." *Commonwealth v. Williams*, 106 A.3d 583, (Pa. 2014). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." *Id*.

Pennsylvania Rule of Appellate Procedure (Rule) 903(a) provides: "Except as otherwise prescribed by this [R]ule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."[3] Pa.R.A.P. 903(a). "Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). Rule 121(f) specifies:

> **Date of filing for incarcerated persons**. -- A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing **as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence**.

Pa.R.A.P. 121(f) (bold text emphasis added). "In order to benefit from the [prisoner mailbox] rule, [a prisoner] bears the burden of proving that he timely deposited his . . . appeal in the prison mailbox." *Kittrell*, 88 A.3d at 1097.

---

[3] "A party's filing of a motion for reconsideration . . . does not stay the appeal period; the appeal period is only tolled where the trial court 'expressly grants' the request for reconsideration." *Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016).

Here, the trial court's order was docketed on July 16, 2019.[4] Thus, Brown had until August 15, 2019, to file his appeal. According to the notice of appeal's time stamp and the trial court's docket entries, the Greene County prothonotary received Brown's appeal on August 20, 2019.[5] *See* Original Record, Vol. I at 12 (docket entries), 35 (notice of appeal).[6] Although ordered by this Court to address the timeliness of his appeal, Brown merely stated in his brief: "This appeal was timely filed on 8/13/[20]19." Brown Br. at 2. "Given the [] lack of substantive evidence regarding the date upon which [Brown] sent his [notice of appeal] to [Greene] County, [this Court] could not accept [Brown's] argument without engaging in speculation or conjecture. For us to do so would improperly relieve him of his burden to prove timeliness."[7] *Christopher v. Pa. Parole Bd.* (Pa. Cmwlth. No. 1880 C.D. 2019, filed March 17, 2021), slip op. at 8.[8] Consequently, Brown has not met his "burden of proving that he timely deposited his . . . appeal in the prison mailbox." *Kittrell*, 88 A.3d at 1097. Accordingly, because Brown's notice of appeal had to be filed by August 15, 2019, and the record evidence shows it was not filed until August 20, 2019, five days thereafter, this Court is without jurisdiction to hear the appeal. *Williams*.

---

[4] The docket entry indicates the order was sent to Brown that same date.

[5] The original record does not contain the mailing envelope.

[6] Because the pages of the trial court's original record are not numbered, the page numbers referenced herein reflect electronic pagination.

[7] *Cf. Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (Although the record lacked substantive evidence regarding the date the appellant mailed his notice of appeal, the Pennsylvania Superior Court held that because "September 23rd and 24th were weekend days[,] . . . in order for the trial court to have received the notice of appeal by September 25th, it is likely that [the a]ppellant mailed his notice of appeal on or before September 22nd [(i.e., the date it was due].")). However, in the instant matter, because August 15, 2019, was a Thursday, and August 20, 2019, was the following Tuesday, no such inference can be drawn.

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *Christopher* is cited herein for its persuasive value.

**Conclusion**

For all of the above reasons, Brown's appeal is quashed for lack of jurisdiction.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,             :

          Appellant      :

                          :

          v.               :

                          :

Greene County Office of     :   No. 1177 C.D. 2019

District Attorney             :

## O R D E R

AND NOW, this 17th day of May, 2021, Alton D. Brown's appeal from the Greene County Common Pleas Court's July 16, 2019 order is QUASHED for lack of jurisdiction.

_____

ANNE E. COVEY, Judge