In re: Appeal of: Derrick Jackson    :
                                              :

From a Decision of: Bureau of    :
Administrative Adjudication    :
                                              :   No. 842 C.D. 2022

Appeal of: Derrick Jackson    :   Submitted: May 19, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON           FILED: October 30, 2023

        Derrick Jackson (Appellant) appeals from the June 13, 2022 order (Trial Court Order) of the Court of Common Pleas of Philadelphia County (Trial Court) dismissing, for failure to prosecute, Appellant's administrative appeal of a decision of the City of Philadelphia's (City) Bureau of Administrative Adjudication (Bureau) that denied Appellant's administrative appeal of parking tickets. Upon review, we quash the appeal.

        The facts underlying this matter are straightforward and not in dispute. On October 25, 2021, Appellant appealed to the Trial Court from a decision of the Bureau denying his administrative appeal of parking tickets that he had received. *See* Trial Court 1925(a) Opinion dated October 2, 2022 (Trial Court Opinion) at 1. Appellant neither served the notice of appeal on the City nor filed a brief as required by a Trial Court case management order. *See id.* The Trial Court conducted an oral

argument at which Appellant claimed to have properly served the notice of appeal on the City.[1] *See id.* The Trial Court thereafter scheduled a status hearing for June 9, 2022, at which time Appellant was to present evidence to support his contention that he had properly served the notice of appeal on the City. *See id.* at 1-2. Appellant failed to appear at the scheduled hearing and the Trial Court dismissed Appellant's appeal for failure to prosecute by order dated June 13, 2022 (June Order).[2] *See id.* at 2. Appellant filed a motion for reconsideration with the Trial Court on July 6, 2022 (Motion for Reconsideration), which the Trial Court denied by order dated July 21, 2022 (July Order). *See id.* Appellant filed a notice of appeal in this Court on August 3, 2022 (Notice of Appeal), seeking to appeal the June Order.[3] *See id.*

We first address Appellant's claim that the Trial Court erred in determining that his appeal was untimely, as it is dispositive. An appeal of a trial court order must be filed within 30 days after the entry of the order. *See* Pa.R.A.P. 903(a). This Court has long held that

> [t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. The courts have no power to extend the period for taking

---

[1] Appellant did not address his failure to file a brief at the hearing. *See* Trial Court Opinion at 1.

[2] We observe that the Trial Court granted an oral motion to dismiss on the record of the June 9, 2022 hearing, stating "All right. Appeal quashed[] for failure to serve and failure to prosecute." Notes of Testimony, June 9, 2022 (N.T.), at 4. The Trial Court later memorialized the dismissal by entering the June Order, from which Appellant now appeals.

[3] Where, as here, a trial court does not take additional evidence, this Court's scope of review "is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence." *Kovler v. Bureau of Admin. Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010) (citing 2 Pa.C.S. § 754(b)).

appeals, absent fraud or a breakdown in the court's operation through a default of its officers.

*Iannotta v. Phila. Transp. Co.*, 312 A.2d 475, 476 (Pa. Cmwlth. 1973) (internal citations omitted); *see also Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020) (quoting *Kocher v. Zoning Hearing Bd. of Wilkes-Barre Twp.* (Pa. Cmwlth., No. 81 C.D. 2015, filed Feb. 9, 2016), slip op. at 7 (observing that "[s]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Appeals filed beyond the appeal period are untimely and deprive the reviewing tribunal of subject matter jurisdiction over the appeals.") (internal citations omitted)). Additionally, "[a] party's filing of a motion for reconsideration . . . does not stay the appeal period; the appeal period is only tolled where the trial court 'expressly grants' the request for reconsideration." *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 676 (Pa. Cmwlth. 2021) (quoting *Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016)).

Effectively, Appellant argues herein that he timely filed his appeal because he filed the Notice of Appeal within 30 days of the Trial Court's denial of the Motion for Reconsideration.[4] *See* Appellant Br. at 4-6. Appellant claims that

---

[4] The Court observes that Appellant's arguments can best be described as "sparse." The Argument section of Appellant's Brief states, in its entirety:

> In brief, [A]ppellant should receive [his] day in court to prove [he is] innocent. The lower court took an extended amount of time that in some eyes can be considered unreasonable knowing that [its] decision needed to be reached by [A]ppellant and/or [A]ppellant notified before the 30-day deadline. Appellant was not notified by the court regarding request for reconsideration before the 30-day deadline to appeal to a higher court. The [Bureau] was requested by Appellant to have the officer present and provide additional information which was not received.

3

because the Trial Court decided the Motion for Reconsideration outside the 30-day appeal period, his appeal to this Court should be considered timely. *See id.* We do not agree.

The Trial Court entered the June Order on June 14, 2022. Thus, Appellant had until July 14, 2022, to timely appeal the June Order to this Court. Appellant did not file the Notice of Appeal until August 3, 2022, 50 days after the entry of the June Order and well outside the 30-day period during which he could have timely appealed the June Order. The Motion for Reconsideration did not toll this time period. *See Brown.* Thus, Appellant's appeal of the June Order was untimely and this Court lacks jurisdiction to decide the appeal. *See* Pa.R.A.P. 903; *Iannotta.*

To the extent the Notice of Appeal seeks to challenge the July Order that denied the Motion for Reconsideration[5] as well as the June Order, we observe that, in addition to not tolling the appeal period of the order for which it seeks reconsideration, an order determining a reconsideration request is not an appealable

---

Appellant Br. at 5. The Court has gleaned the arguments attributed to Appellant herein from a combination of this Argument section as well as statements contained in the Statement of the Case, Statement of Argument, and Conclusion-Statement of Relief sections of Appellant's brief. *See id.* at 4-6.

[5] Appellant's "Conclusion-Statement of Relief" states:

> [] Appellant has proof that that there were errors in the process of the [Philadelphia Parking Authority] and the alleged bo[oting of] the vehicle and that of the court refused to allow [A]ppellant to be reconsidered for new date per the Cov[i]d 19 household infection. Appellant asks for the case to be heard with the intent of dismissal and/or not guilty.

Appellant Br. at 5-6.

order.[6] *See Provident National Bank v. Rooklin,* 378 A.2d 893, 897 (Pa. Super. 1977) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.").

For the foregoing reasons, this appeal is quashed for lack of jurisdiction.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] We acknowledge that, in his brief, Appellant claims that he "was dealing with C[OVID]-19 and unable to attend" the June 9, 2022 hearing. Appellant Br. at 5. We observe, however, that Appellant explained in his Motion for Reconsideration that he missed the June 9, 2022 hearing as a result of *his child* having contracted COVID-19, not Appellant himself. *See* Motion for Reconsideration at 1 (pagination supplied). To the extent Appellant claims the Trial Court was aware of this COVID-19 issue, we note that the Motion for Reconsideration explains only that Appellant attempted to contact the Trial Court to explain his situation two days before the scheduled June 9, 2022 hearing, "but was either transferred multiple times, left on hold, or directed to a person whose voicemail initiated." *Id.* at 1. Additionally, we note that the transcript of the June 9, 2022 hearing makes reference to neither COVID-19 infection involving Appellant or his children nor any communications between Appellant and the City or the Trial Court. *See* N.T. at 1-5. Finally, we observe that the Trial Court conducted the June 9, 2022 hearing via Zoom conferencing. *See id.* at 1.

While we appreciate that these assertions were to be considered as part of the Trial Court's determination on the Motion for Reconsideration, we note that, even taking Appellant's version of events as wholly true, such assertions do not serve to transform the July Order's denial of the Motion for Reconsideration into an appealable order or otherwise excuse Appellant's failure to timely appeal the June Order.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of: Derrick Jackson  :
           :
From a Decision of: Bureau of  :
Administrative Adjudication   :
           : No. 842 C.D. 2022
Appeal of: Derrick Jackson   :

## O R D E R

   AND NOW, this 30th day of October, 2023, Derrick Jackson's appeal of the June 13, 2022 order of the Court of Common Pleas of Philadelphia County is QUASHED for lack of jurisdiction.


           _____
           CHRISTINE FIZZANO CANNON, Judge