IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re:  Appeal of The Greater          :
Bustleton Civic League                 :
                                       :
                                       :
                                       :
From Decision of City of               :     No. 629 C.D. 2023
Philadelphia Board of License and      :     Argued: April 9, 2024
Inspection Review and Relteva,         :
LLC                                    :
                                       :
Appeal of:  The Greater Bustleton      :
Civic League                           :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                          FILED:  June 4, 2024

        The Greater Bustleton Civic League (Objector) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) that dismissed its appeal of a decision rendered by the City of Philadelphia (City) Board of License and Inspection Review (L&I Board or Board).  The L&I Board dismissed as moot Objector's appeal of a commercial building permit issued to Relteva, LLC (Owner) for construction of a warehouse on its 136-acre property located at 1 Red Lion Road and 10098 Sandmeyer Lane in Philadelphia (Property).  The Board then denied Objector's application for reconsideration, and Objector appealed the denial of reconsideration to the trial court.  Upon review, we vacate the trial court's order and remand the matter to the trial court with direction to dismiss Objector's appeal for lack of jurisdiction.

## Background

Owner seeks to build a United Parcel Service (UPS) warehousing and distribution center on the Property.[1]  On April 7, 2021, the Department of L&I issued Owner a by-right commercial building permit for construction of a new one-story structure on its Property.  Objector appealed to the L&I Board, claiming that Owner's building permit application contained misrepresentations or insufficient information about the proposed use of the premises, the right-of-way improvements, the traffic impact studies, and the "environmental state and condition" of the premises.  Reproduced Record at 221a (R.R. ____).  Objector argued that "the prerequisite approvals" by the City's Streets Department and Water Department were issued in error.  R.R. 221a.

On February 11, 2022, Owner filed a motion to quash Objector's appeal, asserting *res judicata*, collateral estoppel, *lis pendens*, and lack of standing.  Owner asserted that Objector did not identify any error made by the Department of L&I in issuing the building permit but, rather, raised the same conclusory and unfounded claims it had raised in its appeal of the Zoning Board's decision to authorize a warehousing and distribution use of the Property.  Owner also contended that Objector was not aggrieved by the Department of L&I's issuance of the building permit and, thus, lacked standing to bring this appeal.

---

[1] On December 23, 2020, the City's Department of Licenses and Inspections (Department of L&I) issued to Owner a zoning permit to demolish existing structures on the Property and construct new structures for use as a warehouse, distribution, and trucking and transportation facility. On December 30, 2020, the Department of L&I issued a unity of use zoning permit to treat the contiguous lots at 1 Red Lion Road and 10098 Sandmeyer Lane as one lot for purposes of zoning and development.  Objector appealed to the City Zoning Board of Adjustment (Zoning Board) which, after hearings, denied Objector's appeal.  The trial court affirmed the Zoning Board's decision.  Objector's appeals of the trial court's decision are docketed as Nos. 1004, 1005, 1009, and 1010 C.D. 2022, and were heard on April 9, 2024, before this panel.

2

On July 26, 2022, the L&I Board held a hearing on the merits of Objector's appeal of the issuance of the building permit and Owner's motion to quash. Objector's counsel argued that its appeal "has nothing to do with the zoning;" rather, it challenged the prerequisite approvals by the Streets Department and Water Department, upon which the Department of L&I relied in issuing the building permit. Hearing Transcript (H.T. __), 7/26/2022, at 17; R.R. 107a.

At the conclusion of the hearing, the L&I Board dismissed Objector's appeal as moot. Board Decision, 7/26/2022, at 1; R.R. 203a. Chairman Woodson explained this decision as follows:

> Having heard all from able counsel and making your positions heard, it appears that essentially this matter in one sense, regarding the matters that fall within the zoning area are moot. That's been resolved outside of the purview of the board to decide that.
>
> It's also fairly clear that *the additional matters with regard to traffic, with regard to Streets Department permits, there may be other matters in terms of lighting, storm water management, all those matters become technical matters.* It should be building standards. *It is not within our purview to make that decision.* And so I'm certain, and not everyone will agree with the position that we're taking, but I think that[ is] where we are. So, we're not going to hear any further argument today.
>
> This matter is moot in terms of particularly how it's based on the zoning matters. And we think that's the overriding issue here. So that's the position of the board[.]

H.T., 7/26/2022, at 28-29; R.R. 119a-20a (emphasis added). In finding mootness, the Board focused on the fact that the trial court had issued a decision on July 19, 2022, affirming the Zoning Board's grant of a zoning permit to Owner.

On August 12, 2022, Objector filed a motion for reconsideration. On August 29, 2022, the Board issued a notice for an October 4, 2022, hearing to

consider Objector's reconsideration motion. On October 4, 2022, at the conclusion of the hearing, the Board denied Objector's motion. On November 4, 2022, Objector appealed the Board's denial of reconsideration to the trial court. On December 5, 2022, Owner filed a praecipe to intervene.

On January 9, 2023, the trial court issued a case management order, which stated that Objector's brief was due on April 3, 2023, and "[Owner's] brief" was "due by May 1, 2023." R.R. 355a. The order noted that oral argument would take place after June 5, 2023, upon notice to the parties.

Objector did not file a brief. On April 3, 2023, Owner filed a motion to assign or transfer the appeal to the Honorable Anne Marie Coyle for the stated reason that Judge Coyle had issued a decision on Objector's zoning appeal and, thus, was "familiar with the underlying facts and legal arguments[.]" R.R. 532a. Owner requested a transfer to Judge Coyle "for purposes of ensuring consistency of decisions and on the basis for judicial economy." R.R. 533a.

On May 1, 2023, the trial court granted Owner's transfer motion and assigned the case to Judge Coyle "for all purposes." R.R. 7a. On that same day, Owner filed a brief in accordance with the deadline set forth in the trial court's case management order. Owner argued that Objector had failed to file a brief by April 3, 2023, or request an extension of time to do so and, as such, had waived all of the issues it wished to raise on appeal. Owner also argued that Objector lacked standing to appeal the issuance of the building permit and, further, its appeal was barred by the doctrines of collateral estoppel and *lis pendens* because its claims were indistinguishable from those presented in Objector's appeal of the zoning permits, decided in favor of Owner on July 19, 2022. Owner asked the trial court to dismiss the appeal with prejudice.

4

Objector did not file a response to Owner's brief.

**Trial Court Decision**

On May 12, 2023, the trial court denied Objector's appeal "for lack of merit" and dismissed the appeal "for lack of standing" and "due to [Objector's] non-compliance with the operating Scheduling Order of Court." Trial Court Op. at 1. The trial court also granted Owner's motion to quash, which had been incorporated in its brief. *Id*. at 2.

First, the trial court found that the certified record from the L&I Board established that Objector lacked standing because it was not aggrieved by the issuance of the by-right building permit. Trial Court Op. at 10. The trial court took notice of the fact that Objector's geographical perimeters do not encompass either parcel of the Property.[2] The trial court also considered and rejected Objector's argument made before the L&I Board that Objector's members, who lived or worked nearby or adjacent to the Property, would be affected by the traffic generated by the UPS facility. The trial court viewed Objector's concern as "akin to the same apprehension that could be reasonably proffered by many persons who shall traverse the surrounding roads in this large section of Northeast Philadelphia once development of the UPS facility is completed." Trial Court Op. at 11.

Next, the trial court held that Objector's appeal lacked merit because it did not raise a cogent claim of violation of the Philadelphia Building Construction and Occupancy Code,[3] which governed the issuance of Owner's building permit. Objector did not specify any misconduct on the part of Owner in the licensing

---

[2] The registered community organization with jurisdiction, the Somerton Civic Association, had posed no opposition to the project in any of the proceedings. Trial Court Op. at 11.

[3] Philadelphia, Pa., Code tit. 4 (2024), *available at* https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-26748 (last visited June 3, 2024).

process. Trial Court Op. at 12. The L&I Board did not err in dismissing Objector's appeal as moot because Objector had raised "the same unrelated concerns that it has relentlessly pursued in the pending appeals of affirmation of the Zoning Board of Adjustment decisions." Trial Court Op. at 12.

Finally, the trial court dismissed Objector's appeal for its failure to file a brief as directed by the trial court's case management order. The trial court also noted that Objector did not appeal the L&I Board's decision of July 26, 2022, dismissing Objector's appeal for mootness but, rather, the Board's decision of October 4, 2022, denying its motion for reconsideration. The trial court observed that Objector's untimely appeal of the Board's decision may "trigger[] a dismissal of relief as a waiver[;]" however, it was not necessary to decide this issue given the Court's dismissal of Objector's appeal for not complying with the case management order. Trial Court Op. at 14.

Objector filed a motion for reconsideration, to which it attached its proposed brief. By order of May 23, 2023, the trial court denied Objector's motion.

Objector timely appealed the trial court's May 12, 2023, decision to this Court.

**Appeal**

On appeal,[4] Objector raises two issues for our consideration. First, Objector argues that the trial court erred in dismissing its appeal for non-compliance with the case management order. Second, Objector argues that the trial court erred in holding that it lacked standing to appeal the building permit and that its appeal

---

[4] This Court's review of a trial court's order granting a motion to quash an appeal determines whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights. *Gates v. City of Pittsburgh Historic Review Commission*, 254 A.3d 803, 808 n.6 (Pa. Cmwlth. 2021) (quoting *Driscoll v. Zoning Board of Adjustment of City of Philadelphia*, 201 A.3d 265, 268 n.2) (Pa. Cmwlth. 2018)).

6

lacked merit because there was no factual record developed before the L&I Board that was necessary to decide these issues.

In response, Owner asserts that Objector's appeal of the L&I Board's decision was untimely and, thus, must be dismissed in its entirety. Rather than appealing the L&I Board's July 26, 2022, decision dismissing Objector's appeal on grounds of mootness, Objector appealed the L&I Board's October 4, 2022, decision denying its motion for reconsideration. The filing of a request for reconsideration does not toll the deadline for taking an appeal from the L&I Board's decision. Owner further asserts that the trial court did not err in reviewing the certified record and concluding that Objector had failed to set forth a meritorious claim and lacked standing to appeal the building permit. In any event, the trial court acted within its discretion to dismiss Objector's appeal when it failed to comply with the case management order.

In its reply brief, Objector argues that Owner waived the issue on timeliness because it did not raise it before the trial court. Further, the L&I Board's October 4, 2022, order was the "final" order because, by its plain terms, it "affirmed" the Department of L&I's decision to issue the building permit and included a notice to litigants that "all appeals from this decision are to be taken to the Court of Common Pleas . . . within thirty days from the date of this decision." Objector Reply Brief at 1-2 (quoting R.R. 226a).

We first consider whether Objector's appeal of the L&I Board's decision to dismiss Objector's appeal on grounds of mootness was timely. "The timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, [and] even by the Court on its own motion, at any stage of the proceedings. . . . An untimely appeal must be quashed absent a showing of fraud or breakdown

7

in the court's operation." *City of Philadelphia v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005) (citation omitted).

Under Section 752 of the Local Agency Law, "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa. C.S. §752. The Judicial Code provides that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. §5571(b). It also specifies that "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter." 42 Pa. C.S. §5572.

On July 26, 2022, the L&I Board dismissed Objector's appeal as moot and sent its decision to Objector on July 29, 2022. Objector had until August 28, 2022, to appeal. Instead, Objector filed a motion for reconsideration with the L&I Board and thereafter appealed its denial of reconsideration. However, this appeal did not give the trial court jurisdiction to review the L&I Board's decision of July 26, 2022, dismissing Objector's appeal on grounds of mootness.

"[I]n general, the proceedings subsequent to a final judgment or decree do not toll the running of the statutory time within which an appeal must be taken." *In re Hanna's Estate*, 80 A.2d 740, 741 (Pa. 1951). It is also well established that a request for reconsideration of an agency order does not stay the deadline for appealing the agency's decision. *See Pedersen v. South Williamsport Area School District*, 471 A.2d 180, 182 (Pa. Cmwlth. 1984) (petition for reconsideration does

8

not stay the appeal period); *Brown v. Greene County Office of District Attorney*, 255 A.3d 673, 675 n.3 (Pa. Cmwlth. 2021) (quoting *Oak Tree Condo Association v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016)) ("A party's filing of a motion for reconsideration . . . does not stay the appeal period; the appeal period is only tolled where the trial court 'expressly grants' the request for reconsideration.").

Objector has not identified any ordinance or regulation providing that a petition for reconsideration acts as a stay or otherwise tolls the appeal period. Rather, Objector points to the notice printed at the bottom of the L&I Board's October 4, 2022, decision to deny reconsideration, which stated that "[a]ll appeals from this decision are to be taken to the Court of Common Pleas of Philadelphia County within thirty (30) days from the date of this decision." Board Decision, 10/4/2022, at 1; R.R. 226a. This notice, however, also appeared in the Board's July 26, 2022, decision dismissing Objector's appeal. Board Decision, 7/26/2022, at 1; R.R. 203a. Objector did not comply with this notice by filing an appeal of the Board's July 26, 2022, decision.[5]

Likewise, Objector's argument that the L&I Board's October 4, 2022, decision was the only "final," appealable order because it "affirmed" the Department of L&I's issuance of the building permit is not persuasive. That decision stated: "reconsideration denied." Board Decision, 10/4/2022, at 1; R.R. 226a. The Board

---

[5] At oral argument before this Court, Objector argued that the Board did not treat its July 26, 2022, decision as a final decision because it later issued a hearing notice on August 29, 2022, for an October 4, 2022, hearing. However, the hearing notice was issued in response to Objector's motion for reconsideration. The transcript of the October 4, 2022, hearing also reflected that the purpose of the hearing was to consider Objector's motion for reconsideration. H.T., 10/4/2022, at 3; R.R. 125a. In any event, the August 29, 2022, hearing notice could not have misled Objector or precluded it from filing an appeal to the trial court because Objector's appeal should have been filed on or before August 28, 2022.

9

considered its July 26, 2022, order as the one that disposed of Objector's appeal of the permit issued to Owner. Section 5-1005 of the Philadelphia Home Rule Charter provides:

> *The Board of License and Inspection Review shall provide an appeal procedure whereby any person aggrieved by the issuance,* transfer, renewal, refusal, suspension, revocation or cancellation *of any City license* or by any notice, order or other action as a result of any City inspection, affecting the person directly, *shall upon request* be furnished with a written statement of the reasons for the action taken and *afforded a hearing thereon by the Board of License and Inspection Review. Upon such hearing the Board shall hear any evidence which the aggrieved party or the City may desire to offer, shall make findings and render a decision in writing*. The Board may affirm, modify, reverse, vacate or revoke the action from which the appeal was taken to it.

City of Philadelphia, Pa., Home Rule Charter (2024), *available at* https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-265175 (last visited June 3, 2024) (emphasis added).

Here, Objector appealed the Department of L&I's issuance of the building permit to the L&I Board, which "render[ed] a decision in writing" on July 26, 2022, dismissing the appeal as moot. *Id*. This was the final decision by the Board from which Objector should have appealed.

For the foregoing reasons, we conclude that the trial court lacked jurisdiction over Objector's untimely appeal of the L&I Board's decision of July 26,

10

2022. Therefore, we vacate the trial court's May 12, 2023, order and remand the matter to the trial court to dismiss Objector's appeal for lack of jurisdiction.[6]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[6] We agree with Objector that the trial court erred in dismissing its appeal for non-compliance with the case management order. The trial court's May 1, 2023, order stated that "this case shall be assigned to the Honorable Anne Marie Coyle *for all purposes*," which suggests that the pre-transfer scheduling order was nullified. R.R. 7a (emphasis added). We also agree with Objector that the trial court erred in dismissing Objector's appeal for lack of standing and denying its appeal for lack of merit. First, the certified record submitted by the L&I Board did not include an evidentiary record. Second, the L&I Board did not decide the merits of Objector's appeal but, rather, dismissed it as moot. The trial court erred in deciding, *sua sponte*, the merits of Objector's appeal of the issuance of the building permit when the only issue raised before the trial court was whether Objector's appeal was properly dismissed on grounds of mootness. Likewise, the trial court also erred in deciding the standing issue without the benefit of Objector's briefing on that issue. The trial court should have directed Objector to address standing rather than relying on Owner's brief and the parties' argument made before the Board.

Because Objector's appeal of the L&I Board's decision was untimely, the trial court lacked subject matter jurisdiction over Objector's appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of The Greater  
Bustleton Civic League

                                :

                                :

                                :

                                :

From Decision of City of  
Philadelphia Board of License and  
Inspection Review and Relteva,  
LLC

                                :      No. 629 C.D. 2023

Appeal of: The Greater Bustleton  
Civic League

                                :

                                :

# **O R D E R**

AND NOW, this 4th day of June, 2024, the order of the Court of Common Pleas of Philadelphia County, dated May 12, 2023, in the above-captioned matter, is VACATED. The matter is REMANDED to the trial court with direction to dismiss The Greater Bustleton Civic League's appeal for lack of jurisdiction.

Jurisdiction relinquished.

_____  
MARY HANNAH LEAVITT, President Judge Emerita