IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilfredo T. Smith, as Administrator :
of the Smith Family Estate, :
       Appellant :
 :
 :
    v. :
 :
 :
Parole Agent Trent Sellers, Parole :
Agent Andrew Gilmore, Parole Agent :
Brian Reis, Parole Agent Justin :
DePalma, Parole Agent Derek :
Eberhart, and Parole Agent William : No. 691 C.D. 2024
Stifok : Submitted: October 9, 2025

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM       FILED: November 20, 2025


   Wilfredo T. Smith (Smith), *pro se*, appeals from three separate orders of the Court of Common Pleas of Fayette County (Trial Court): (1) the February 2, 2024 final order denying his petition to proceed *in forma pauperis* (IFP) and dismissing his civil complaint (Complaint); (2) the February 14, 2024, order denying his first motion for reconsideration and recusal; and (3) the March 6, 2024, order denying his later motion for reconsideration and recusal. After thorough review, we are constrained to quash the appeal for lack of jurisdiction.


## I. Background

   In January 2024, Smith, an inmate at the State Correctional Institution at Somerset (SCI-Somerset), filed a Civil Rights Complaint under 42 U.S.C. § 1983 (Section 1983), in the Trial Court against Parole Agents Trent Sellers, Andrew Gilmore, Brian Reis, Justin DePalma, Derek Eberhart, and Willian Stifok

(collectively, Appellees),[1] alleging the unlawful search of several properties not registered under Smith's parole release address. Smith's Br. at 6.

On February 2, 2024, the presiding judge of the matter[2] dismissed Smith's Complaint as frivolous and denied his IFP petition because the matter "lack[ed] an arguable basis in law or in fact." Trial Court Dismissal Order, 2/2/24 (Dismissal Order). The Trial Court reasoned that the facts within Smith's Complaint were identical to the facts addressed in a criminal case where Smith's Fourth Amendment defense had already been disposed of. *Id*. Further, the Trial Court noted that Smith argued that a constitutional violation had occurred against the "Smith Family Estate," yet Smith requested monetary damages only for himself, despite naming Felicia, Octavia, and Tyrone Smith as other aggrieved parties. *Id.*

Smith subsequently filed two separate motions for reconsideration and recusal of the presiding judge, both of which were denied by the Trial Court. *See* Trial Court Orders 2/14/24 & 3/6/24. Smith filed an appeal from the dismissal of his Complaint as well as the denial of his motions for reconsideration and recusal with the Pennsylvania Superior Court on April 2, 2024.[3] The Superior Court subsequently transferred the appeal to this Court. In addition to reasserting the

---

[1] Appellees filed a Notice of Non-Participation on January 23, 2025, opting not to participate in the matter because it was dismissed by the Trial Court prior to service. Notice of Non-Participation, 1/23/25.

[2] The same judge presided over Smith's criminal trial on the same facts in *Commonwealth v. Smith*, No. CP-26-CR-0001516-2021 (Pa. Ct. Com. Pl. Fayette Cnty. 2021) and denied Smith's pre-trial motion challenging probable cause of Appellees. Smith's Br. at 6.

[3] We note that there is a disparity between Smith's Civil Docketing Statement and his Brief as to the date of when he filed his Notice of Appeal (April 2, 2024, and March 28, 2024, respectively). *See* Docketing Statement, 4/2/2024; Smith's Br. at 3. However, the discrepancy is not material because the filing is untimely, regardless.

arguments within his Complaint, Smith disputed the presiding judge's participation in his civil matter because she had also presided over his associated criminal matter. *Id*.

Upon review of the record, this Court issued an order concerning the untimeliness of the appeal and required that the parties address the matter on the merits in their principal briefs or by motion. Cmwlth. Ct. Order, 7/5/24.

## II. Issues

Before this Court, Smith argues that he was denied the right to a fair trial with an impartial tribunal when the presiding judge declined to recuse herself from Smith's civil matter after presiding over his related criminal matter. Smith's Br. at 3. Smith maintains that such engagement was inappropriate because of Canon 1, Rule 1.2 the Pennsylvania Code of Judicial Conduct (Code), Pa. Code Jud. Conduct 1.2, which requires that a judge "avoid impropriety or the appearance of impropriety." Smith asserts that, because of such alleged impropriety, Smith was unable to bring his Section 1983 claim against Appellees after their search of his property. Smith's Br. 9-10.

In response to this Court's directive, Smith only briefly mentions the issue of the timeliness of his appeal. Smith's Br. at 3. He concedes that his Notice of Appeal was filed after the 30-day deadline established by Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 903(a), but posits that his Petition for Reconsideration and Recusal were timely filed. Smith's Br. at 3. However, he fails to elaborate further on the merits of the issue.

3

## III. Discussion

### A. Timeliness of Appeal

Rule 341(a) and (b)(1) of the Pennsylvania Rules of Appellate Procedure, governing appeals from final orders, provides, in pertinent part:

> (a) General Rule . . . [A]n appeal may be taken as of right from any **final order** of a government unit or trial court.
>
> (b) Definition of Final Order.  A final order:
>
> (1) disposes of all claims and of all parties . . . .

Pa.R.A.P. 341(a) & (b)(1) (emphasis added).  Here, the Dismissal Order disposed of Smith's claims as frivolous on February 2, 2024, before Appellees were even served. *See* Dismissal Order; Notice of Non-Participation, 1/23/25.  Therefore, the Dismissal Order was a final appealable order.

However, an order denying a motion for reconsideration is not an appealable order.  *See Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 118 (Pa. Cmwlth. 2016) (first citing *In re Merrick's Est.*, 247 A.2d 786, 787-88 (Pa. 1968); and then citing *City of Phila. v. Frempong*, 865 A.2d 314, 318-19 (Pa. Cmwlth. 2005)).  Accordingly, although the appeal here was timely as to the reconsideration order, that order itself is not appealable.

While Smith did appeal from the Dismissal Order, that appeal was untimely.  Rule 903 provides that a notice of appeal must be filed within 30 days after the entry of the final order.  Pa.R.A.P. 903(a).  Moreover, the appeal deadline can only be tolled if the trial court "expressly grant[s]" the petition for reconsideration within 30 days of its final order.  Pa.R.A.P. 1701(b)(3)(i)-(ii).

4

Failure to strictly adhere to the 30-day appeal period deprives the appellate court of subject matter jurisdiction. *Com. v. Williams*, 106 A.3d 583, 587 (Pa. 2014); *Com. v. Yorktowne Paper Mills, Inc.*, 214 A.2d 203, 205 (Pa. 1965); *Szura v. Zoning Hearing Bd. of Wyoming Borough*, 397 A.2d 33, 34 (Pa. Cmwlth. 1979).

As previously stated, the Dismissal Order was issued on February 2, 2024. Therefore, the appeal deadline was 30 days after that date, or March 3, 2024. However, because March 3, 2024, fell on a Sunday, the deadline extended to the next business day, Monday, March 4, 2024. *See* Section 1908 of the Statutory Construction Act of 1972,[4] 1 Pa.C.S. § 1908. While Smith did file his initial petition for reconsideration and recusal within 30 days of the final order, the Trial Court denied it, thus not tolling the appeal deadline. *See, e.g.*, *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 n.3 (Pa. Cmwlth. 2021) (quoting *Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016) (explaining that a request for reconsideration of an order does not toll the appeal period unless reconsideration is expressly granted)). Therefore, because Smith's Notice of Appeal from the Dismissal Order was not filed until March 28, 2024—well after the deadline had passed—this Court lacks subject matter jurisdiction over the matter and cannot hear the appeal.

For these reasons, this Court cannot exercise jurisdiction over Smith's appeal of the Dismissal Order and is constrained to quash it.

## B. Recusal Order

A party waives the right to recusal if he fails to promptly file the motion upon learning the facts that serve as the basis for such recusal. *Deluca v.*

---

[4] 1 Pa.C.S. §§ 1501-1991.

*Mountaintop Area Joint Sanitary Auth.*, 234 A.3d 886, 895 (Pa. Cmwlth. 2020). This precludes a party from using recusal as a remedy after a judge issues an adverse decision, as Smith seeks here. *See Residents of Buckingham Springs v. Bucks Cnty. Assessment Off.*, 60 A.3d 883, 888 (Pa. Cmwlth. 2013). Thus, here, Smith waived his request for recusal because he did not first assert it until after the Dismissal Order had been entered.

Therefore, because the recusal issue has been waived, we likewise quash the appeal as to the Recusal Order.

## IV. Conclusion

Based on the foregoing reasons, this Court concludes that we cannot address any of the substantive arguments raised by Smith's appeal as a result of our lack of subject matter jurisdiction. Accordingly, we must quash the appeal due to its untimeliness and the failure to preserve the recusal issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wilfredo T. Smith, as Administrator of the Smith Family Estate, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Parole Agent Trent Sellers, Parole Agent Andrew Gilmore, Parole Agent Brian Reis, Parole Agent Justin DePalma, Parole Agent Derek Eberhart, and Parole Agent William Stifok | : | No. 691 C.D. 2024 |

**PER CURIAM**          **O R D E R**

AND NOW, this 20th day of November, 2025, the appeal is QUASHED.